*M. B. Eubanks*, for plaintiff in error.
*G. A. H. Harris & Son* and *R. L. Chamlee*, contra.

---

## CHATTANOOGA & DURHAM RAILROAD CO. v. VOILS.

Where, in an action against a railroad company for personal injuries alleged to have resulted from plaintiff's horse having become frightened by the improper and unnecessary emission of steam from one of the company's engines, one of the defendant's main defenses is that no steam whatever was at the time of the injury emitted from its engine, it is error for the court to fail to submit this issue to the jury in his charge. This is true although there was no request to charge upon this subject.

Argued April 5, — Decided April 27, 1901.

Action for damages. Before Judge Henry. Walker superior court. December 19, 1900.

*A. C. King* and *Copeland & Jackson*, for plaintiff in error.
*Payne & Payne*, contra.

SIMMONS, C. J. An action for damages was brought by Voils against the Chattanooga and Durham Railroad Company. The declaration alleged that he was driving his horse along a public road parallel to the railroad track, and that an engine of the defendant,

with several cars attached, approached, moving in a direction opposite to that in which he was going; that the engineer negligently allowed steam to be emitted from the engine; that the emission of the steam was improper, unnecessary, and wrongful; that the plaintiff's horse became frightened by the escaping steam; and that the plaintiff was thereby injured. The defendant in its answer denied all of the material allegations of the declaration. Upon the trial of the case the plaintiff, by his own testimony and that of his wife who was with him at the time of the accident, sustained substantially the allegations of the declaration. The defendant's witnesses testified, that upon the occasion when the plaintiff was injured no steam whatever was escaping from the engine, that the engine was going down grade, so that it was not necessary to use steam, and that the steam had been shut off and none was being used or emitted. The jury returned a verdict for the plaintiff, and the defendant made a motion for a new trial. This was overruled, and the defendant excepted.

The judge in his charge to the jury instructed them that the plaintiff, in order to make out a prima facie case, must show that he was injured in the manner alleged in the declaration, and made the usual charges in reference to negligence and the presumption that arises against a railroad company when an injury by it is shown. He further gave them instructions as to the decision of the question of the diligence or negligence of the defendant's agents and employees in allowing steam to escape, and as to what care was required of the plaintiff. He did not, however, submit to the jury the main defense relied upon by the defendant. That defense was that there was no steam emitted from the engine at the time the plaintiff was injured. We have carefully read the whole charge as it appears in the record, and find in it no distinct reference to this defense. We think that, where the company relies mainly upon one defense and introduces evidence to sustain it, it is error demanding a new trial for the judge to omit to call the attention of the jury to this defense. This is true whether or not he is requested by counsel to do so. Unless the judge charges upon such defense and thereby calls the attention of the jury to it, the case is not properly tried, and there is a failure to submit to the jury one of the important issues made. Upon this point see the well-considered opinion of Jackson, C. J., in the case of *Central Railroad* v.

*Harris,* 76 *Ga.* 501. See also *Strickland* v. *State,* 98 *Ga.* 84. Upon this ground alone we grant a new trial, as we think there was no error shown in any of the other grounds of the motion for a new trial. *Judgment reversed.* *All the Justices concurring.*