the respective parcels, and distribute the same to the plaintiffs and parties entitled thereto, or to report the same to the court, if it was thought that there would be necessity therefor.

It appears that the attorney for the plaintiffs took title from the referee, and then conveyed to the plaintiffs, who subsequently conveyed parcels C and D for $40,000. The court at first set aside the entire sale, but these facts were made to appear on a motion for a reargument, and the order was modified by confirming the same as to these parcels, and directing that $40,000 be credited upon the mortgages. It was further shown on the motion for a reargument that the plaintiffs, after thus obtaining title, leased parcels A, E, and B for a period of 21 years at an annual rental of $6,250, with the privilege to the lessee of purchasing the same for $125,000 prior to the 1st day of January, 1908. The court further modified the order by directing that the resale of these parcels be made subject to this lease. Upon the facts appearing in the record before us, I am of opinion that the sale should have been vacated in toto. The plaintiffs had actual notice, and their grantees had constructive notice, that the referees' reports of sale had not been confirmed. Conveyances of premises purchased on a foreclosure sale prior to the confirmation of the report should not be allowed to influence the discretion of the court on an application for a resale involving the rights of parties to the suit. Such purchasers obtain no right except the right to be reimbursed for the amounts paid and interest, as against the right of the parties to the suit who move for a resale. 1 Barb. Ch. Pr. 529; Brown v. Frost, 10 Paige, 243, 247; Peck v. Knickerbocker Ice Co., 18 Hun, 183; F. L. & T. Co. v. B. & M. T. Co., 11 Civ. Proc. R. 307; N. Y. E. C. B. & M. Society v. Bishop (Sup.) 8 N. Y. Supp. 60.

Plaintiffs ask that the order be reversed, the motions denied, the exceptions to the referee's report overruled, and that the foreclosure sales be confirmed. I am of opinion that the order should be reversed or modified as to the terms of the resale. We cannot now decree any relief in favor of the defendants, because their appeal is not before us. If, as appears to me, the same should have been conducted in the manner suggested, the report of sale not having been confirmed, some of the parties should move at Special Term for an order that the sales be conducted as here outlined.

I therefore vote for a modification of the order by striking out the terms of resale, without costs to either party, and with leave for a further application at Special Term by any party as herein suggested.

---

## WILLSEN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.    June 10, 1904.)

1. WITNESS—DECEASE—TESTIMONY ON FORMER TRIAL—ADMISSIBILITY.

An action against a street railway company had been tried three times. After the first trial a verdict for plaintiff was set aside. The second trial resulted in a verdict for defendant, but on appeal was reversed, for error. Before the last trial, defendant's motorman had died. *Held*, that under Code Civ. Proc. § 830, providing that the testimony of a de-

ceased witness may be read at a subsequent trial of the same action, it was error to refuse to permit defendant at the last trial to read from the testimony of the motorman at the second trial such portions of the motorman's testimony as plaintiff had full opportunity to cross-examine the motorman on.

O'Brien, J., dissenting.

Appeal from Trial Term, New York County.

Action by Julius Willsen, as administrator, etc., of Lawrence Willsen, deceased, against the Metropolitan Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
William McArthur, for respondent.

HATCH, J. This action has been tried three times. Upon the first trial a verdict was rendered in favor of the plaintiff, which was set aside by the trial court upon motion made for a new trial. 74 N. Y. Supp. 774. The second trial resulted in a verdict in favor of the defendant, which, upon appeal to this court, was reversed upon the ground that error was committed in excluding answers to questions upon the cross-examination of the defendant's gripman, McCord, who was engaged in operating the car at the time the deceased met with the accident resulting in his death. 80 N. Y. Supp. 413. In the discussion, which was had in the decision of the last appeal, the court specified 11 questions which were asked of the witness upon cross-examination, answers to which were excluded by the court, and this court held them to be proper questions. Although 11 questions were specified in the opinion, yet the vital, controlling question in the case was whether the motorman just prior to the accident was attentive to his duties, or whether, at the time when the boy fell upon the track, a short distance in front of his car, he was engaged in looking up at a window, laughing or smiling at a woman, by reason of which he did not discover the presence of the boy upon the track until too late to stop the car and avoid the accident. Upon this subject the motorman was asked and answered that he was examined as a witness on the former trial. Counsel for the plaintiff then asked: "Q. Did you deny, or attempt to deny, that you had been smiling or laughing up at the window on the west side?" Objection was interposed to this question and sustained. The point of inquiry was as to whether the witness had made any denial upon the former trial of being inattentive to his duties. After commenting upon all of the questions which had been asked, and the answers thereto excluded, the court said, having reference to the quoted question:

"Exclusion of such question was clearly erroneous. If he had been permitted to answer that question, he might have testified that he did not deny such fact upon the former trial, and therefrom the jury might conclude that the reason why he did not was because it was a fact, and thereby discredit his statement upon the present trial that he had not been looking up at the windows just prior to the accident, and might have credited the testimony of the plaintiff upon such subject, and therefrom rendered a verdict in favor of the plaintiff. We might conclude that the other questions, answers to

which were excluded, would not be of sufficient consequence to the plaintiff to show prejudicial error, but the exclusion of the whole series of questions pertaining to the issues presented for determination, including that which might show that the gripman was not attentive to his duty, can scarcely help but work prejudicial harm to the plaintiff's case." Willsen v. Met. St. Ry. Co., 80 App. Div. 98, 80 N. Y. Supp. 413.

It is thus apparent that the holding of the court proceeded mainly upon the ground that error was committed in excluding the answer to a single question, and, had that been answered, as it related to the vital question in the case, the court would evidently not have regarded the other rulings as presenting error calling for a reversal of the judgment. They were considered, however, in aggravation of the ruling which was deemed to be clearly erroneous. An examination of the present record shows with considerable clearness that the question of defendant's negligence is one of much doubt. Indeed, had the testimony of Julius Willsen, Jr., an older brother of the deceased, and in whose charge the deceased was at the time, been accepted by the jury, no recovery could have been had. He was upon the sidewalk in front of the house, and testified:

"As I turned around I seen him [the deceased] running slowly towards the car track, and he stumbled over a rock, and he tried to pick himself up, and he fell down again; and by the time he reached the track the car was six or seven feet away from him. And the car hit him—slid him over."

This testimony would seem to show that the accident was unavoidable.

The testimony offered by the defendant tended strongly to controvert every element which was essential to establish the plaintiff's cause of action. The record presents a case, therefore, which requires that care should be taken in seeing that no error prejudicial to the defendant has crept into the case, and, in view of the close margin upon which liability can rest, slight error will be regarded as prejudicial, even though it would not be so held, were the case abundantly established by satisfactory evidence.

After the second trial, the gripman, who had been sworn upon both trials, died, and the defendant asked leave to read the testimony of such witness given on the second trial. Plaintiff's counsel objected to such testimony upon the ground that he had had no proper opportunity to cross-examine the witness upon such testimony, and offered to permit the witness' testimony as given upon the first trial to be read. The court sustained the objection, and ruled that the testimony given by the witness upon the second trial could not be allowed to be read, for the reason that a free cross-examination was not permitted. To this ruling the defendant excepted. Thereafter, in the course of the trial, the defendant stated:

"I offer in evidence four questions, and the answers to them, that were put to this motorman, McCord, on the second trial, in November, 1901, and with respect to which the counsel for the plaintiff had full opportunity to cross-examine."

The plaintiff objected, and the court stated:

"I have already ruled, and sustained your objection. I sustain your objection."

Defendant's counsel thereupon asked to read the questions. Objection was interposed. The court sustained the objection, holding that the question was already covered by his previous rulings, to which defendant's counsel excepted.

Testimony of a deceased witness given upon a former trial is entitled to be read in evidence by virtue of the provisions of section 830 of the Code of Civil Procedure. In construing this section, the Court of Appeals, through Martin, J., said:

"The fundamental ground upon which evidence given by a witness who afterwards dies may be read in evidence on a subsequent trial is that it was taken in an action or proceeding where the parties against· whom it is offered, or their privies, have had both the right and the opportunity to cross-examine the witness as to the statement offered." Young v. Valentine, 177 N. Y. 347, 69 N. E. 643.

And this rule was reiterated in Taft v. Little, 178 N. Y. 127, 70 N. E. 211. The admission of testimony of this character is doubtless to be carefully restricted to the extent to which the right of cross-examination has been given, yet it is the evident purpose of the provision to permit such testimony to be read where reasonable right has been given, and the opportunity of cross-examination has been permitted to be reasonably exercised. While it is true that as to incidental statements injected into an examination, with respect to which the parties have no right of cross-examination, or where the opportunity was denied in respect of a material matter, the right to read the testimony will not exist. The subject, however, while carefully guarded, is nevertheless to be so administered as to save the right where the reasonable right and reasonable opportunity have been given. An immaterial error, which the court can see does not affect the substantial rights of the parties, will not be permitted to work a denial of the right to read the testimony.

In the present case we are of opinion, with the exception of the one question to which we have already called attention, that the plaintiff had a reasonable opportunity of cross-examination. The defendant would have been entitled to read, in the main, the whole of the testimony, aside from the matter to which such question related. As to the single question, however, the opportunity was denied, and upon such subject the learned court was clearly correct in its ruling. As to the testimony, however, which had been given, and upon which defendant had the unrestricted right to cross-examine, it was clearly competent. The erroneous ruling in failing to give free opportunity for cross-examination could have no effect upon the testimony offered wherein there had been no limitation in the right to cross-examine. Under such circumstances, the testimony was not so connected with the error as to form a part of it, and the defendant was entitled to read it in evidence, and have it considered in' manner the same as though the right had in all respects been unrestricted.

The offer of the defendant was to read four questions and their answers, in respect of which the plaintiff not only had the right of cross-examination, but he fully and completely exercised it. Consequently there was no ·basis for the objection to such testimony, as it fell squarely within the rule. The examination in chief of the witness

McCord embraced a variety of matters which were pertinent to and connected with the subject-matter of the action. Such testimony was competent and material, and upon these subjects the right of cross-examination was unrestricted. Nor was such testimony connected with, nor did it bear upon, the particular matter in which the cross-examination had been limited. Consequently there was no basis for the exclusion of such testimony upon the ground that the right of free and full cross-examination had been restricted, for such is not the fact, and the defendant became entitled to read such evidence with the same force and effect as he was permitted to read the testimony given upon the first trial. It was error, therefore, to exclude the questions and answers which the defendant offered to read; and, as such ruling may have prejudiced the defendant, it constitutes reversible error. Holcomb v. Holcomb, 20 Hun, 156, affirmed on appeal 95 N. Y. 316; People v. Strait, 154 N. Y. 165, 47 N. E. 1090.

For this error the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except O'BRIEN, J., who dissents.