20425. JONES *v.* ALRED.

DECIDED MAY 14, 1930.

*Wright & Covington,* for plaintiff in error.
*Porter & Mebane,* contra.

LUKE, J. In his action for damages L. L. Alred recovered a verdict against Sidney Jones. Jones insists that the trial judge erred in overruling his motion for a new trial, based upon the usual general grounds and four special grounds complaining of the court's charge.

Briefly stated, the petition sets out this case: "About sundown" on January 25, 1929, Alred was driving his automobile-truck slowly in a southerly direction over the Rome-Summerville road. As plaintiff approached a concrete bridge over a small stream, the road curved to the right, and it continued to do so for some distance on the other side of the bridge. As Alred neared the bridge he saw Jones' Buick automobile coming towards him at a rate of from 30 to 40 miles an hour. Alred immediately brought his truck to a complete stop on the extreme right side of the road just before arriving at the bridge. As Jones approached and crossed the bridge he was still driving at the said rapid rate of speed, and had his car on the inside of the curve and on the side of the road on which Alred's truck was standing. Just before reaching the truck Jones turned to his right and put on his brakes, causing the rear end of his automobile to skid, strike the truck, and damage it in specified particulars. In his answer Jones denied that the collision took place "about sundown," and averred that it occurred "some hour and a half or two hours after sundown and after dark," at a time when he was not driving more than ten or fifteen miles an hour. He further alleged that he was driving "about the centre of the road," and that it was necessary for him to turn suddenly to his right by reason of the fact that "it was dark at said time and the truck was being operated without lights of any kind or character whatsoever, and he could not see said truck until he was almost upon it." Paragraph 14 of the answer is as follows: "That said injury was occasioned wholly and solely by the negligence of the plaintiff in said case in operating his said

automobile upon the highways of the State of Georgia after dark and without lights on said automobile, and that said truck of the plaintiff was being so operated more than one hour after sundown upon the public highways of said State of Georgia without lights thereon in violation of the laws of the State of Georgia, and that said negligence upon the part of said plaintiff was negligence per se, and that the direct and proximate cause of said injury was the negligence of the said plaintiff in so operating said automobile in violation of the laws of the State of Georgia."

The effect of the charge complained of in special ground 1 was to advise the jury that if the plaintiff did not have lights on his truck *after dark,* he would be negligent, but that such negligence would not defeat a recovery unless it was the proximate cause of the collision. The ground avers "that said charge was erroneous in that the same required the plaintiff . . to carry lights on his truck only in the event that it was dark at the time of the accident, when, under the law, the said plaintiff was required to carry lights upon his truck at all times between the periods of one hour after sundown and one hour before sunrise."

The foregoing statement of the law is correct. See Ga. L. 1918, p. 203, sec. 2 (8 Park's Code Supp. (1922), § 828(cc)). However, the defendant's case is stated in his answer, and we will not reverse the judgment because the court limited the application of the statute precisely as did the answer.

The court having fully, fairly, and specifically charged the contentions of both the plaintiff and the defendant and the acts of negligence alleged in the petition, special ground 2 alleging that an excerpt from the charge was erroneous because it "failed to confine the jury to a consideration of whether or not the defendant was negligent in the manner and particulars set forth in the petition," is not meritorious.

Special ground 3 alleges that the judgment should be reversed because the court failed to instruct the jury "that if the plaintiff himself was negligent and the accident was the result of the negligence of the plaintiff that the plaintiff could not recover."

Both the pleadings and the evidence present the defense that the collision was due solely to the plaintiff's failure to have lights on his truck. "From an early date this court has uniformly held that the law of the case must be given the jury to the extent of

covering the substantial issues made by the evidence, whether requested or not, or attention be called to it or not; otherwise the verdict will be set aside." *Central Railroad* v. *Harris,* 76 *Ga.* 501, 511; *Central of Ga. Ry. Co.* v. *Prior,* 142 *Ga.* 536, 538 (83 S. E. 117): "Where one defense is mainly relied upon, *and evidence is introduced to sustain it,* it is error for the judge to omit calling the attention of the jury to that defense, whether or not he is requested so to do." *Reed* v. *State,* 15 *Ga. App.* 435 (83 S. E. 674), citing *Chattanooga & Durham R. Co.* v. *Voils,* 113 *Ga.* 361 (38 S. E. 819). The court erred in failing to instruct the jury upon the law applicable to the defendant's main defense.

The fourth and last special ground complains of the following charge: "If you find from the evidence that the defendant, Mr. Jones, was driving his automobile at the time and place alleged in the petition without exercising ordinary care, and struck the plaintiff's truck and damaged it, and that the plaintiff, Mr. Alred, could not, after he discovered the negligence of Mr. Jones, have, in the exercise of ordinary care on his part, avoided the injury to his truck, and was, at the time, free from fault, the plaintiff would be entitled to recover. If, however, you find from the evidence that the plaintiff, after discovering the negligence of the defendant, Mr. Jones, if he was negligent, could have, in the exercise of ordinary care, avoided the injury, he would not be entitled to recover anything." This charge is alleged to be erroneous "for the reason that the court failed to qualify said charge, either at said point or elsewhere in his charge, with the principle that if the plaintiff could have discovered the negligence of the defendant by the use of ordinary care upon his part and thereafter have avoided it, he could not recover," and "that to require actual knowledge of the plaintiff of the negligence of the defendant placed upon the plaintiff a less burden than was required by law."

The court was undertaking to charge the rule of law laid down in the Civil Code (1910), § 4426, in this language: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." "The duty imposed by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of such other is existing, and is either apparent,

or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence." *W. & A. R. Co.* v. *Ferguson*, 113 *Ga.* 708, 711 (39 S. E. 306, 54 L. R. A. 802). Another statement of the law is this: "The rule stated in section 4426, however, applies only where the defendant's negligence became apparent to the person injured, or where, by the exercise of ordinary care, he could have become aware of it, and he thereafter failed to exercise ordinary and reasonable diligence to avoid the consequences of the defendant's negligence." *Central of Ga. Ry. Co.* v. *Larsen*, 19 *Ga. App.* 413, 418 (91 S. E. 517). Having undertaken to charge the law referred to, it was the duty of the court to charge it fully and correctly. *Hinson* v. *Hooks*, 27 *Ga. App.* 430 (108 S. E. 822). The court committed reversible error in failing to instruct the jury that the plaintiff could not recover if he failed to exercise ordinary care to avoid the consequences of the defendant's negligence after the plaintiff, by the exercise of ordinary care, could have become aware of that negligence. A case directly in point is *Georgia Ry. &c. Co.* v. *McElroy*, 36 *Ga. App.* 143 (136 S. E. 85).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*