31954.   AMERICAN FIDELITY AND CASUALTY COMPANY INC. *et al. v.* FARMER.

DECIDED APRIL 29, 1948.   REHEARING DENIED MAY 26, 1948.

190

*Strang, Fletcher & Carriger, Gleason & Painter*, for plaintiffs in error.

*McClure, Hale & McClure*, contra.

Sutton, C. J. (After stating the foregoing facts.) ■ Divisions 1, 2, 3, and 4 of the opinion in the case of *American Fidelity & Casualty Company* v. *Farmer*, ante, deal with the rulings of the trial judge on the plaintiff's demurrers to the defendants' pleas in abatement; the defendants' demurrers to the plaintiff's amendment to the petition; the general and special demurrers of the defendants to the plaintiff's petition, and the motion of the defendants to strike the case from the docket. The same assignments of error are made in the present case as were made and dealt with in divisions 1, 2, 3, and 4 in the case just referred to and the rulings there made on such assignments of error are applicable and controlling on the same questions in the present case. Accordingly, the trial judge did not err in sustaining the

plaintiff's demurrers to the defendants' pleas in abatement; the defendants' demurrers to the plaintiff's amendment; the general and special demurrers of the defendants to the plaintiff's petition, and the motion of the defendants to strike the case from the docket.

■ The evidence, though conflicting, is sufficient to support the verdict, and the judge did not err in overruling the general grounds of the motion for a new trial. This being the sole question presented for consideration under the general grounds, the other contentions of the defendant with reference to the general grounds of the motion cannot be considered by this court, for the reasons given in division 5 of the opinion in *American Fidelity & Casualty Company* v. *Farmer*, ante, which ruling is applicable and controlling here.

■ Special grounds 1, 2, 3, 4, 12, 13, 14, 15, and 16 of the amended motion for a new trial in this case are the same as the corresponding nine grounds in the case of *American Fidelity & Casualty Company* v. *Farmer*, ante, which are dealt with in division 6 of the opinion in that case. The rulings there made are applicable and controlling on these same grounds in the present case.

■ Special grounds 5, 6, 7, 8, 9, 10, 11, 18, 19, 20, and 21 of the amended motion for a new trial in this case are the same as the 11 grounds which are dealt with in divisions 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, and 18, respectively, of the opinion in *American Fidelity & Casualty Company* v. *Farmer*, ante, and said rulings in that case are applicable and controlling on these same questions in this case. In special ground 20 it does not appear what objection was interposed to the evidence therein referred to and for this further reason special ground 20 in this case is without merit. See *Clare* v. *Drexler*, 152 *Ga.* 419 (5) (110 S. E. 176).

■ In special ground 17 error is assigned on the refusal of the court to instruct the jury that "in determining the damage from permanent loss of ability to work, if any, by Mrs. Emily Farmer, you should consider her capacity and inclination to work before the accident occurred, her probable life expectancy, her health and physical condition before the accident occurred, her probable loss of her capacity to work due to old age, illness, and causes other than the accident." The plaintiff did not sue

for damages due to decreased earning capacity, but sought to recover damages for pain and suffering occasioned by her alleged injuries. The loss of ability or capacity to labor occasioned by physical injuries is a species of pain and suffering and a proper element of compensation. *Langran* v. *Hodges,* 60 *Ga. App.* 567 (4 S. E. 2d, 489); *Rome Ry. & Light Co.* v. *Duke,* 26 *Ga. App.* 52 (105 S. E. 386). The fact that the plaintiff was a housewife and attended merely to the duties around the house did not deprive her of the right to recover for loss of ability to work; however, whether or not she was inclined to work before the accident would not determine whether or not she was entitled to recover damages for loss of ability to work, nor would such inclination be a proper element to be considered by the jury. A person is not deprived of the right to recover damages because of inability to labor in the future because at the time of the injury such person was not employed, or because prior to such injury she may or may not have been inclined to labor. The requested charge did not state a sound principle of law, and the court did not err in refusing it.

■ The verdict is supported by the evidence, no error of law appears, and the judge did not err in overruling the amended motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*