31952. AMERICAN FIDELITY AND CASUALTY COMPANY INCORPORATED *et al.* v. FARMER.

DECIDED APRIL 29, 1948. REHEARING DENIED MAY 26, 1948.

*Strang, Fletcher & Carriger, Gleason & Painter,* for plaintiffs in error.

*McClure, Hale & McClure,* contra.

PARKER, J. This case and the cases of *American Fidelity & Casualty Co.* v. *Farmer,* ante, 166 (48 S. E. 2d, 122), and *American Fidelity & Casualty Co.* v. *Farmer,* ante, 187 (48 S. E. 2d, 137), all arose out of the same occurrence and are companion cases. They were tried together, before the same jury and upon the same evidence and charge of the court, but separate verdicts were returned in each case. This case was an action by J. J. Farmer to recover damages for the loss of the services of his wife, Emily Farmer, because of injuries sustained by her, and for medical expenses incurred. The other suit by J. J. Farmer was for damages for injuries sustained by himself, and the action by Emily Farmer was for her own personal injuries. The three cases were briefed together in this court because the pleadings are substantially alike and largely the same questions were involved in each case. Only those assignments of error which are not controlled by the rulings in the companion cases will be considered and decided here. The plaintiff in this case recovered damages in the sum of $2000 and the defendants excepted to the overruling of their motion for new trial. For a more complete statement of the facts of this case see the companion cases cited.

■ The defendants demurred to the petition on the ground that it did not show that the plaintiff, as the husband of Mrs. Emily Farmer, was entitled to her earnings and could sue for their loss. The demurrer is based on the act of 1943 (Ga. L. 1943, p. 316, Code, Ann. Supp., § 53-512), which provides that a husband shall not be entitled to or receive the salary or wages of his wife except by her consent. The husband did not sue in this case for damages for the loss of any salary or wages previously earned by the wife, nor for the impairment of the wife's ability to earn wages or salary. Wages or salary only are covered by the act of 1943. A husband is still entitled to the domestic services of his wife rendered in and about the household, in the general work of keeping and maintaining the home, and he may sue for damages for the loss of

such services. This is the construction which we understand was placed upon the act by the Supreme Court in *Martin* v. *Gurley*, 201 *Ga.* 493 (39 S. E. 2d, 878), reported also in 74 *Ga. App.* 642 (40 S. E. 2d, 787). The right of action for the damages claimed was in the plaintiff and the demurrers to the petition were properly overruled.

■ The only other points made in this case which are not controlled by the rulings in the companion cases relate to the Carlisle Mortality Table and the annuity table set out in the appendix to Volume 70 of the Georgia Reports.

One assignment of error complains of the failure of the court to give the charge suggested by Judge Lumpkin in *Florida Central &c. R. Co.* v. *Burney*, 98 *Ga.* 1 (26 S. E. 730), as to the use and application of the tables. It would not have been error for the court to have given this lengthy charge as requested, but it does not follow that the failure to do so was harmful to the defendants and requires a new trial. Unless the refusal to give the charge requested was both erroneous and harmful to the defendants, they cannot successfully complain. The burden is on them of showing both error and harm, and for the reasons hereinafter stated we do not think this has been done.

The defendants also requested the court to charge that in determining the damage to the plaintiff resulting from the loss of his wife's services, if any, the jury must determine such damage on the basis of the life expectancy of J. J. Farmer or his wife, whichever is shorter; and that the jury could not award damages to Mr. Farmer for any period of time either he or his wife might live after the death of the other. These requests are set out in two different assignments of error but are substantially the same. They are based on the suggestion, which was expressly not an adjudication of any question, made by Judge Bleckley in the case of *Metropolitan Street R. Co.* v. *Johnson*, 91 *Ga.* 466, 471 (18 S. E. 816). Although these requests stated a correct principle, that is, that the husband could not recover for the loss of services of the wife for any period beyond their joint lives, or after his or her death, the refusal of these requests was not necessarily harmful.

The final assignment of error is based on the charge given respecting the mortality and annuity tables as follows: "Now

gentlemen, you will have out with you certain tables, known as the Carlisle Mortality Tables, which shows the probable length of life that people of a given age, that is, how long they would live if a person is 81 years old about how long he would live from then on out; a person 60 years old or any other age, about how long that person's life would be; then there is a certain annuity table. Now these tables, gentlemen, are not binding upon you, you are not obliged to use any of them, if you don't see fit to; that was just introduced for the sole purpose of aiding you in arriving at some fair value of consideration that you award the plaintiff in this case, in case you should award anything, and in arriving at their expectation; you have got a right to consider their health at that age, original habits, surroundings, such as has been disclosed by the evidence in this case. You also have a right to consider their diminished or increased income, probability of lack of employment, and all such things as that." This charge is criticised as erroneous and not sound as a matter of law, and as confusing to the jury.

We think that it may be conceded that the charge was not as full and complete as it might have been, and if harmful, it was erroneous for that reason. See *Central R. Co.* v. *Hill*, 21 *Ga.* App. 231 (94 S. E. 50), and citations. But this assignment of error, like the others herein dealt with, must be considered in the light of the pleadings, the evidence and the verdict, to determine whether the alleged error was harmless.

The plaintiff alleged that his wife sustained severe and serious injuries of a permanent character rendering her unable to attend to her household duties, by reason of which he had been deprived of her usual domestic services, which were well worth $150 per month, and that he had spent certain sums of money on account of such injuries. The evidence tended to sustain the allegations of the petition. It showed that Mrs. Farmer did work on the farm except plowing, and did milking, washing, cooking and cleaning; that her ability to work is about half what it was before she was injured, and that her services were worth $1 or more a day to the plaintiff. The plaintiff was about 80 years of age at the time of the collision, and his wife was about 62, and the expectancy of the husband, which is the shorter of the two, was approximately 5 years. The amount in medical and

hospital bills expended on the wife was about $238, and the verdict for $2000, which included these expenses and damages for loss of services, was authorized under the pleadings and the evidence, with or without a consideration by the jury of the mortality and annuity tables. These were introduced in evidence and could have been considered by the jury, but they were not conclusive and the jury may have disregarded them altogether. "In estimating the value of domestic service rendered by a wife and mother, the jury are authorized to take into consideration what may be the value of many services incapable of exact proof, but measured in the light of their own observation and experience. 'There need be no direct or express evidence of the value of the wife's services, either by the day, week, month, or any other period of time, or of any aggregate sum.' *Metropolitan St. R. Co.* v. *Johnson*, 91 *Ga.* 466, 471, 472 (18 S. E. 816)." *Georgia Ry. & Power Co.* v. *Shaw*, 25 *Ga. App.* 146 (3) (102 S. E. 904). For the reasons set out we think that the assignments of error relating to the requests to charge on the mortality and annuity tables, and the charge given on that subject, fail to show harmful error requiring a new trial. *Georgia Railroad & Bkg. Co.* v. *Scott*, 37 *Ga.* 94; *Powers* v. *State*, 44 *Ga.* 209, 215; *Western & Atlantic R. Co.* v. *Camp*, 53 *Ga.* 596 (2); *City of Macon* v. *Melton*, 115 *Ga.* 153 (3) (41 S. E. 499); *Arnheiter* v. *State*, 115 *Ga.* 572 (2) (41 S. E. 989, 58 L. R. A. 392); *Mays* v. *Fletcher*, 137 *Ga.* 27 (4) (72 S. E. 408); *Harrison* v. *Hester*, 160 *Ga.* 865 (3) (129 S. E. 528); *Martin* v. *Gibbons*, 14 *Ga. App.* 136 (1) (80 S. E. 522); *City of Thomaston* v. *Atkinson*, 25 *Ga. App.* 615 (103 S. E. 876).

■ The evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*