40811.   BEAVERS v. DAVIS.

DECIDED SEPTEMBER 9, 1964.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Warner R. Wilson,* for plaintiff in error.

*Merritt & Pruitt, Glyndon C. Pruitt, Walter B. Fincher,* contra.

FRANKUM, Judge.   Jasper Fletcher Davis sued Johnny Marion Beavers to recover damages on account of an automobile collision between the plaintiff's automobile driven by his minor

daughter and the automobile of the defendant driven by him. Briefly, insofar as is necessary to a consideration of the issues before this court, it appeared from the pleadings and the evidence that the plaintiff's daughter, while driving his automobile, was proceeding in a northerly direction along a public highway and slowed it or brought it to a stop in preparation for making a left turn into a place of business, and that the defendant's automobile, approaching from the rear, struck the plaintiff's automobile causing damage thereto and personal injuries to the plaintiff's wife and to the plaintiff's daughter. The plaintiff sued for his automobile damage, medical expenses incurred on behalf of his wife and his daughter, and for the loss of his wife's services and the permanent loss of her consortium. The jury returned a lump sum verdict in the amount of $10,000. The defendant made a motion for new trial on the general grounds, which motion was later amended by the addition of three special grounds. That motion was overruled, and the exception here is to that judgment. The defendant expressly abandons the general grounds of his motion for a new trial.

■ In his petition plaintiff charged the defendant with negligence in failing to apply the brakes on his automobile so as to stop before colliding with the rear of plaintiff's vehicle; in failing to keep a proper lookout ahead; in operating his vehicle closer to petitioner's automobile than was reasonable and prudent under the circumstances then existing; in failing to turn his vehicle to the left or right to avoid colliding with the rear of plaintiff's vehicle; in failing to have his vehicle under immediate and proper control; in failing to sound his horn or to give any other warning to petitioner's daughter; and in running into and upon the rear of petitioner's automobile in the manner set out in the petition. The defendant in his answer merely denied the material allegations of the plaintiff's petition. On the trial the defendant contended that the plaintiff's daughter was guilty of negligence per se in failing to give a signal of her intention to turn left for at least 100 feet before attempting to make the turn, and that she was further negligent in stopping or suddenly decreasing the speed of plaintiff's automobile without giving a proper signal. The defendant requested the court to give in

charge the law embodied in the Code with respect to the duty of a driver to signal his intention to turn or to stop. The court gave to the jury the requested instruction, without in any manner pointing out to the jury that it was the *defendant* who contended that *the plaintiff's daughter* had been negligent in this regard, and almost immediately after instructing them that the plaintiff contended that the defendant had been negligent in violating certain laws, which negligence should be characterized as negligence per se, and after giving instructions as to the law with respect to the plaintiff's contentions of negligence on the part of the defendant. This charge to the jury in the manner given is assigned as error in the first and second special grounds of the motion for a new trial.

It is fundamental that when the court undertakes to instruct the jury as to the contentions of the parties, it should charge the jury correctly and in a manner not calculated to mislead or confuse them as to what the true contentions of the parties are. The charge complained of in this ground of the motion, of course, did not purport to be a statement of the contentions of the parties, but as given by the court, it was calculated to confuse and mislead the jury as to what the parties were contending, for it is clear that when the charge here excepted to is read in its context, it was susceptible to the interpretation that the plaintiff was contending that the defendant was negligent in failing to give a signal indicating his intention to turn or stop as required by law. No such contention was made by the plaintiff, but, in fact, this was a contention of the defendant raised by evidence in his behalf, and the charge thus had the additional effect of withdrawing from the jury's consideration this contention of the defendant. While the court may not have been bound to give the instruction contained in the defendant's request (a matter which we are not here called on to consider), however, since the court did charge the request, it was bound to instruct the jury correctly so as not to likely mislead and confuse them. *Campbell v. Miller*, 38 Ga. 304, 312 (8) (95 AD 389); *Hunt v. Pollard*, 55 Ga. App. 423, 426 (190 SE 71). Nowhere in the judge's charge to the jury did he instruct them that the defendant was making the contention that the plaintiff's daughter was guilty

of negligence in failing to properly signal her intention to turn. This was the main defense relied on by the defendant, and evidence having been introduced to sustain it, it was error for the judge to omit to instruct the jury with reference thereto. *Jones v. Alred,* 41 Ga. App. 472, 475 (153 SE 444); *Chattanooga &c. R. Co. v. Voils,* 113 Ga. 361 (38 SE 819). See also *Smith v. Goodwin,* 103 Ga. App. 248, 250 (6) (119 SE2d 35). The court erred in overruling the first and second special grounds of the motion for new trial.

■ In the third special ground error is assigned because the court, in charging the jury with respect to the use of the Carlisle Mortality Table in computing the value of the plaintiff's permanent loss of his wife's consortium, which table had been introduced in evidence, instructed the jury only that they should use the table to find the life expectancy of Mrs. Davis, when, and in fact, the jury could have concluded from their observation of the plaintiff and his wife and from the evidence introduced that the life expectancy of Mr. Davis was less than the life expectancy of his wife and, therefore, under proper instruction, might have awarded damages in a lesser amount. This assignment of error is meritorious. While the exact point here made has not been definitively adjudicated in this State, the courts have several times had occasion to observe that the right to recover for the loss of consortium should not extend beyond the joint lives of the matrimonial pair. See *Metropolitan St. R. Co. v. Johnson,* 91 Ga. 466, 471 (3) (18 SE 816); *American Fidelity &c. Co. v. Farmer,* 77 Ga. App. 192, 194 (48 SE2d 141); *Walden v. Coleman,* 105 Ga. App. 242 (124 SE2d 313). However, even if we were able to find no previous expression by the court on this point, we would have no hesitancy in holding that reason and logic compel this conclusion. The judge in instructing the jury in situations like that here involved should clearly instruct them that they would not be authorized to award damages for loss of consortium and services beyond the life expectancy of the husband or the wife, whichever is the lesser. It follows, therefore, that in charging as complained of in this ground of the motion, the court committed harmful and reversible error.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*