## 64660. DAVIS v. MILNER et al.

BIRDSONG, Judge.

Michael Dennis Milner and his parents sued to recover for personal injuries suffered by Michael when his motorcycle collided with an automobile being driven by the defendant. The collision occurred as Michael was attempting to pass the defendant's automobile on the left, and the defendant was simultaneously attempting to make a left turn. The jury returned a verdict in favor of the plaintiffs, and the defendant appeals the denial of his motion for new trial. *Held:*

1. "Questions of negligence, diligence, contributory negligence, proximate cause and the exercise of ordinary care for one's protection ordinarily are to be decided by a jury, and a court should not decide them except in plain and indisputable cases. *James v. Sears, Roebuck & Co.,* 140 Ga. App. 859 (232 SE2d 274)." *Piland v. Meli,* 143 Ga. App. 783, 784 (240 SE2d 193). This is so even where there is no dispute as to the facts. See *Ellington v. Tolar Constr. Co.,* 237 Ga. 235, 237 (227 SE2d 336). Considered in light of these principles, the evidence did not demand a verdict in favor of the defendant.

2. The plaintiff's testimony that he had been out of work for approximately 35 weeks as a result of the accident and that prior to the accident he had been earning $25 per day, working an average of three days per week, was sufficient to support the jury's award of $2,625 for lost earnings.

3. In relation to enumerations three and four, we conclude the court did not err in giving charges on the issues of proceeding too fast under the circumstances and defining an alley and an intersection and allowing the jury to make the determination as to which was involved. The evidence was sufficient to raise the issues and required the charges. See *Heard v. State,* 149 Ga. App. 92, 93 (253 SE2d 454); *East Side Auto Parts v. Wilson,* 146 Ga. App. 753 (2) (247 SE2d 571).

(a) As to the first, the evidence showed that according to Davis he was driving from 10-15 mph, and according to Milner at a speed perhaps of 25-30 mph which required Milner to accelerate to as much as 35 mph to pass the Davis car. However, it is not the velocity in comparison to the authorized limit that gave rise to the danger or the issue. Milner testified that Davis was driving at a moderate speed and it is clear that Milner believed that Davis intended to continue to drive west on College Street. Thus the constant speed itself allowed the impression that Davis did not intend to make a left turn. Milner testified that Davis made an abrupt turn to the left without slowing or giving any signal precluding Milner from avoiding the collision. Davis on the other hand testified he slowed down and moved to the left to

the center of College Street before turning left onto Barfield. Milner's testimony thus raised a jury issue as to whether Davis' driving was misleading and imprudent (i.e., too fast) under the circumstances insofar as the left turn was concerned.

(b) As to the second issue, Milner testified that he did not know of the existence of Barfield Street and that insofar as he was concerned, it was a narrow one-lane track that ran back into the woods, going nowhere. Davis testified that it was wider and was paved to the railroad (a short distance) but he did not know where it went on the other side of the railroad. The road, at least on one side, was badly potholed and one could run off into a ravine. Milner was not sure there were any houses along Barfield, and Davis testified there were at least two. Such evidence certainly presented a question as to whether Barfield was a street giving rise to an intersection or an alley, which does not create an intersection. Such a resolution was required, for passing at an intersection or failing to exercise caution at an intersection can constitute negligence per se while such doctrine does not exist as to an alley. The trial court gave full and appropriate instructions including appropriate definitions of an intersection and alley and on issues of negligence per se but required the jury first to determine factually that the juncture was indeed an intersection before applying the doctrines of negligence per se. Not only was such an instruction reasonably required but also would have constituted error had it not been given. Accordingly, there is no merit in the complaint of error in the charge of the court.

*Judgment affirmed. Shulman, C. J., Deen, P. J., McMurray, P. J., Carley, Sognier and Pope, JJ., concur. Quillian, P. J., and Banke, J., dissent.*

DECIDED MARCH 7, 1983 —
REHEARING DENIED MARCH 30, 1983 — ▉▉▉▉▉▉▉

*Jesse W. Walters,* for appellant.
*Jesse G. Bowles,* for appellees.

BANKE, Judge, dissenting.
1. In accordance with the plaintiff's request, the trial court charged former Code Ann. § 68A-801 (OCGA § 40-6-180), which, in pertinent part, reads as follows: "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a reasonable and prudent speed when approaching and crossing an

intersection . . ." The court then charged the jury that, if they found the defendant had acted in violation of this Code section, they could find his conduct negligent as a matter of law.

While there may be evidence in this case that the defendant acted negligently by making his turn too abruptly or failing to give a turn signal, there is no evidence whatsoever that his speed was excessive. Indeed, the plaintiff himself testified that the defendant "wasn't going the speed limit" but "was going real slow and easy so I went to pass him." I cannot agree with the majority's apparent reasoning that driving in a misleading and imprudent manner is equivalent to driving with excessive speed, so as to render specific evidence on the issue unnecessary. Consequently I find no basis for the court's charge on former Code Ann. § 68A-801.

2. In my opinion, the trial court also erred in instructing the jury to determine from the evidence whether the collision occurred at an intersection, as defined by former Code Ann. § 68A-101 (18) (OCGA § 40-1-1 (18)). Both sides requested jury charges which assumed that an intersection was involved. This assumption was perceived as favorable to the plaintiff in some respects (see Division 1 of this dissent, supra) but was unfavorable to him in that it allowed the jury to conclude that he had acted in violation of OCGA § 40-6-45 (a) (2) (Code Ann. § 68A-306), which prohibits the use of an oncoming traffic lane to pass another vehicle when traversing an intersection. I believe the plaintiff should have been required either to embrace for all purposes the position that the collision occurred at an intersection or to abandon it altogether. He should not have been permitted to have it both ways. "It is fundamental that when the court undertakes to instruct the jury as to the contentions of the parties, it should charge the jury correctly and in a manner not calculated to mislead or confuse them as to what the true contentions of the parties are." *Beavers v. Davis,* 110 Ga. App. 248, 250 (138 SE2d 110) (1964).

I am authorized to state that Presiding Judge Quillian joins in this dissent.