70284, 70347. DONSON NURSING FACILITIES
v. DIXON; and vice versa.
(337 SE2d 351)

McMURRAY, Presiding Judge.

This is an action by the administrator of the estate of Stafford seeking damages for wrongful death and for pain and suffering. Plaintiff's decedent was a resident in a nursing home operated by defendant. In May 1979 plaintiff's decedent died from injuries received in a fire at the nursing home. Subsequently plaintiff filed this action alleging that his decedent's injuries and death resulted from defendant's negligent operation of the nursing home. Specifically, plaintiff alleges that his decedent caught his bed on fire when defendant permitted him to smoke in bed unattended.

The jury returned a verdict of $12,500 for the full value of decedent's life and $12,500 for pain and suffering. The trial court's judgment for $25,000 followed. In Case No. 70284 defendant appeals from the verdict in favor of plaintiff. In Case No. 70347 plaintiff appeals from the direction of the verdict in favor of defendant on the issue of punitive damages. *Held:*

1. Defendant contends the trial court erred in denying its motion for directed verdict and in denying its motion for judgment notwithstanding the verdict. First, defendant argues that plaintiff was required to present expert opinion testimony in order to prove defendant's negligence. "In medical malpractice cases, the plaintiff must produce expert testimony in order to prevail at trial, unless actionable negligence clearly appears from other evidence. *Shea v. Phillips,* 213 Ga. 269 (2) (98 SE2d 552) (1957)." *Parker v. Knight,* 245 Ga. 782 (2) (267 SE2d 222). Plaintiff responds that his action is predicated on a simple negligence theory and that this case is not one in which an expert's opinion is necessary to show defendant's negligence. See *Self v. Executive Committee* &c., 245 Ga. 548 (266 SE2d 168).

Plaintiff's decedent suffered from organic brain syndrome and neurosyphilis with seizure disorders. He had resided for 28 years at Milledgeville Hospital (Central State) when his family (a brother, a nephew and a niece) had checked him out and attempted to care for

him. These efforts were unsuccessful, in part due to the decedent's propensity to set fires while smoking. In 1974 the decedent's family placed him in the nursing home (at that time operated under another name and owned by another entity).

The evidence is in conflict regarding whether the defendant (and its predecessor) received any notice as to the decedent's propensity for setting fires and as to the precautions taken to avoid such incidents. Defendant relies upon evidence that it had received no information regarding the decedent's history of starting fires prior to admission. Nonetheless, because defendant had started a fire at the nursing home in 1977 he was moved to a more heavily staffed floor of the nursing home where problem residents were provided greater supervision. The nursing home policies and regulations did not permit residents to smoke unattended. According to defendant's evidence, problem residents such as plaintiff's decedent were particularly well supervised in this regard. There was evidence that the nursing home policies and procedures permitted smoking only in the dayroom. Smoking (and possession of smoking materials or matches) was forbidden in the bedrooms. Nursing home staff prevented residents from leaving the dayroom with smoking materials and made periodic inspections for smoking materials or matches in the rooms of smokers. Defendant's evidence is that such inspections were made on the night of the fire. There was expert opinion testimony that the policies exercised at the nursing home equaled the standard of care generally accepted for nursing homes in Georgia.

Plaintiff does not contest the sufficiency of the policies and regulations. Instead, plaintiff relies on evidence that the nursing home permitted decedent to smoke while unattended. There was testimony by decedent's nephew that during the period preceding the fatal fire he repeatedly observed decedent leaving the dayroom and returning to his bedroom with smoking materials and while smoking. This conduct was stated to have occurred openly in the presence of nursing home staff who did not interfere.

As there was evidence of the nursing home's knowledge of decedent's propensity to set fires while smoking and of the failure of the nursing home to exercise any supervision of decedent in regard to smoking, expert opinion testimony was not required in order for plaintiff to prevail at trial. *Self v. Executive Committee &c.*, 245 Ga. 548, supra. Also, as the evidence was not "clear and indisputable" the verdict in favor of plaintiff on the simple negligence theory was authorized. See *Thompson v. Walker*, 162 Ga. App. 292 (290 SE2d 490); *Davis v. Milner*, 166 Ga. App. 78 (1) (303 SE2d 278).

2. In the cross-appeal plaintiff enumerates as error the trial court's grant of a directed verdict in favor of defendant on the issue of punitive damages. As applied to the particular facts and circum-

stances of the case sub judice, "punitive damages are not available in a wrongful death claim, *Truelove v. Wilson*, 159 Ga. App. 906, 907 (2) (285 SE2d 556) (1981), since the Georgia statute (OCGA § 51-4-1 (1) [)]. . . is itself punitive." *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 340 (7) (319 SE2d 470). However, punitive damages may be awarded to the administrator of the estate in connection with the injuries, pain and suffering of the deceased. *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 340 (7), supra.

" '(T)o authorize the imposition of exemplary damages, or punitive damages as they are commonly called, under [OCGA § 51-12-5] there must be evidence of wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences.' *General Refractories Co. v. Rogers*, 240 Ga. 228, 230 (239 SE2d 795)." *Suber v. Fountain*, 151 Ga. App. 283, 287 (259 SE2d 685). See also *Parsons v. Ponder*, 161 Ga. App. 723, 724 (2) (288 SE2d 751). There being no evidence of such conduct on the part of defendant, punitive or exemplary damages were not warranted. *Gordon v. Ogden*, 154 Ga. App. 641 (1) (269 SE2d 499).

*Judgments affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 27, 1985 —
REHEARING DENIED NOVEMBER 5, 1985 —

*John F. Daugherty, Frederick M. Valz III*, for appellant.
*James C. Carr, Jr., Charles B. Tanksley*, for appellee.