## A96A0088. CARROLL v. PIERCE et al.

(472 SE2d 560)

BLACKBURN, Judge.

Joyce C. Carroll appeals the trial court's final judgment on the jury's verdict granting Donald A. Pierce and Sallie J. Pierce an easement to use a driveway crossing her property.

1. Over Carroll's objection, the trial court instructed the jury that: "[A] purchaser will be charged with notice of an easement where an inspection of the premises would have readily revealed such physical facts as would put him upon inquiry in the exercise of ordinary diligence."

Carroll erroneously argues that the charge given is an incomplete statement of law because it incorrectly presumes that any time the facts are such that a person in the exercise of ordinary diligence should inquire as to whether an easement exists, then they will be charged with such easement regardless of what inquiry they make and regardless of what they learn as a result thereof.

A party cannot successfully complain about the refusal to give a requested charge unless they satisfy their burden of showing that the refusal was both erroneous and harmful. *American Fidelity &c. Co. v. Farmer*, 77 Ga. App. 192, 194 (48 SE2d 141) (1948). The charge at issue was an accurate statement of law taken verbatim from a long line of cases defining when a bona fide purchaser of land will be deemed to have notice of an easement. See, e.g., *Mathis v. Holcomb*, 215 Ga. 488, 490 (111 SE2d 50) (1959). The charge requires the factfinder to determine whether the purchaser, rather than a reasonable person, would have been put on notice by an inspection of the premises. Any other knowledge the purchaser obtained about whether an easement existed is expressly made relevant. Therefore, the fact that a potential purchaser had concluded after inquiry that no easement existed, when an easement did in fact exist, would be considered by the trier of fact in the deliberative process.

Because the charge given does not lead to the improper inferences alleged, Carroll has failed to meet her burden of establishing that the refusal of the court to supplement the charge was erroneous and harmful. Furthermore, the only evidence Carroll offered to

establish that she had conducted a diligent inquiry prior to the purchase of the property was her uncorroborated testimony that the previous owner informed her that no easement existed, which evidence the jury considered.

2. In her second enumeration of error, Carroll argues that the trial court erred in failing to give a clarifying instruction.

The trial court initially charged the jury that: "A license becomes an easement and is not revocable, where although originally granted verbally, the licensee has acted pursuant thereto, and in so doing he has incurred such expense that the revocation would be harmful to him." In response to a jury question, the trial court supplemented its original instruction as follows: "A parol or oral license is primarily revocable at any time if its revocation does no harm to the person to whom it has been granted, but is not revocable when the licensee has executed it and in so doing has incurred expense. In such case it becomes an easement running with the land. If the enjoyment of the parol license must be preceded necessarily by the expenditure of money, and the grantee incurred expense in executing it, it becomes an easement for valuable consideration and the licensee a purchaser for value."

After the trial court gave these instructions, Carroll argued that the trial court should have given a further clarifying instruction as to what type of "harm" would make a parol license irrevocable. Specifically, Carroll argued that the jury might regard the facts that her driveway is the most convenient way to reach the Pierces' property and that the Pierces had constructed a residence on the lot while expecting to be able to use the driveway as sufficient evidence to transform any existing license to use the driveway into an easement. See *Cox v. Zucker*, 214 Ga. 44, 51 (102 SE2d 580) (1958) (license does not become irrevocable when a licensee erects improvements upon his own land with the expectation of enjoying the license).

The trial court's charge tracked the language of OCGA § 44-9-4 defining a parol license and is an accurate statement of the law. Georgia law provides "[w]here the judge states fully and accurately the law applicable to the issues involved, the mere failure to call the attention of the jury in specific terms to the contentions of the parties as shown by the pleadings, and to explain these contentions to them, will not, unless it is plain that the omission resulted in injury to the losing party, require the granting of a new trial." (Citation and punctuation omitted.) *Baker v. Wilson*, 143 Ga. App. 488, 489-490 (238 SE2d 587) (1977). A review of the charge given discloses no harmful error. In fact, the Pierces did not contend that it was improvements to their land that formed the basis of their claim, rather they claimed that the former owner of the property paid for the easement. Under these circumstances, we hold that Carroll failed to satisfy her burden

of proving harmful error. See *American Fidelity*, supra at 195 (assignments of error must be considered in light of the pleadings, evidence, and verdict to determine whether the alleged error was harmless).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 21, 1996.

*Andersen, Davidson & Tate, William M. Ray II, Ann Moceyunas*, for appellant.

*Weissman, Nowack, Curry & Zaleon, Jeffrey H. Schneider*, for appellees.