## WOMACK vs. THE CENTRAL RAILROAD & BANKING COMPANY OF GEORGIA.

In June, 1886, a husband could not recover for the homicide of his wife, although it was alleged that he was thereby deprived of her services and companionship, and damages were claimed on that ground. If the wife had lived for any length of time after the injury, the husband might have recovered for the loss of her services during that time, and for any expense which he might have incurred in her treatment.

February 1, 1888.

Husband and wife. Homicide. Actions. Damages. Before Judge HARRIS. City court of Macon. June term, 1887.

Reported in the decision.

M. G. BAYNE and HARDEMAN & DAVIS, by brief, for plaintiff.

LYON & ESTES, for defendant.

SIMMONS, Justice.

Womack filed his suit for damages in the city court of Macon, against the Central Railroad Company, for $10,000. He alleged, that " on the 19th of June, 1886, said company did, by carelessly and negligently running its trains by its agents in said county of Bibb, run its cars over petitioner's wife, Sophia Womack, and thereby did wound and injure said Sophia; from which wounds his said wife, Sophia, died, and without any fault or negligence on her part." He further alleged, that " by said company's careless act in running its train, he was deprived of the society and companionship of his wife, and also of her valuable services, which were worth $240 per annum; and said wife was in the prime of life, and in full health and vigor; and by the careless killing of the said wife by said company, the care of his family was entirely upon him,

greatly to his anxiety and expense; and the petitioner has suffered untold mental anguish by said killing of his said wife "; that " said company has injured and damaged your petitioner in thus depriving him of her society and companionship, and causing much grief and agony, and depriving him of her valuable services, as set forth, in the sum of $10,000."

The defendant demurred to said declaration upon two grounds: (1) that the declaration contained no cause of action; (2) that the husband has no right, under the common or statute law of Georgia, to maintain an action to recover damages for the homicide of his wife, nor for a tort upon her which results in her death. The court sustained the demurrer and dismissed the plaintiff's suit; whereupon the plaintiff excepted, assigning error thereon.

We see no error in the judgment of the court, sustaining this demurrer and dismissing the suit of the plaintiff. The declaration does not allege that the plaintiff's wife lingered for any length of time after the injury, but it is inferable from the declaration that she died immediately. Indeed, it was admitted here by the counsel on both sides that she did die immediately after the accident. If she had lived any length of time after the injury, the husband would have been entitled to recover for her services during the time she did live, and any expense which he might have incurred in her treatment. This action is substantially a suit to recover damages for her homicide, although it is claimed to be a suit to recover the value of her services. This court has held that a husband could not recover for the homicide of his wife. *Georgia Railroad vs. Wynn*, 42 *Ga.* 331.

Judgment affirmed.