In re BARNARD.

UNITED STATES TRUST CO. OF NEW YORK v. OMAHA & ST. L. RY. CO.

(Circuit Court, S. D. Iowa, W. D. May 14, 1894.)

1. COURTS—CONFLICTING STATE AND FEDERAL JURISDICTION—GARNISHMENT OF RECEIVER.

Where a receiver appointed by a federal court is brought into state courts through garnishment proceedings instituted by creditors of persons employed in the operation and maintenance of the railroad over which the receiver was appointed, the intent of such proceedings being to reach the wages, in the receiver's hands, of such employes, and to appropriate such wages to the payment of debts owing to the garnishing creditors, *held*: (1) That the receiver and said employes being in the service of the federal court, and the federal court being the proper forum in which to litigate such matters, such court will, by its order, protect said receiver from the serious inconvenience, expense, and possible hazard of litigating in the state courts the matters involved in such garnishment proceedings, and its employes from being starved out of its service, and the efficiency of the road from being thereby impaired. (2) That even though such garnishment proceedings might be brought without leave of said federal court first obtained, yet payment of any judgments therein rendered against the receiver is subject to the general equity jurisdiction of, and must be passed upon by, the federal court appointing the receiver. Act Aug. 13, 1888, c. 866, § 3.

2. SAME—PREVENTING PROSECUTION OF GARNISHMENT OF RECEIVER.

And even if such garnishment proceedings in the state courts might be enjoined, as brought without leave, by injunction issuing out of such federal court, and in the exercise of its general equity powers (which is not now decided), this court will not issue such enjoining writ where the desired result may otherwise be effectively accomplished.

3. SAME.

Under the facts above stated, the federal court may issue its order directing the receiver, after service on him of garnishment notice or process, to file copy of such order, and thereafter to take no further part in such garnishment proceeding, and providing that, if such proceeding be further prosecuted, the claim therein, or any judgment rendered thereon, shall not be allowed to be filed in such federal court, or be paid by the receiver, or out of funds in his hands.

This was a suit by the United States Trust Company of New York against the Omaha & St. Louis Railway Company, in which J. F. Barnard was appointed receiver of the railway company.

Thereafter said receiver made application to the court for an order and writ of injunction, with reference to garnishment proceedings about to be brought in the state courts to reach wages of his employes in his hands.

Sheldon & Sheldon, for United States Trust Co.
N. M. Pusey, for Omaha & St. L. Ry. Co.

WOOLSON, District Judge. The following facts appear from the application of the receiver: The railway under his management extends from Council Bluffs, Iowa, into Davies county, Mo., thus lying partly in the state of Missouri and partly in the state of Iowa. Different persons, residing in the state of Missouri, and who claim to be creditors of employes engaged—in the state of Missouri—in operating and maintaining said line of railway, are about to institute, in the courts of the state of Iowa, actions for the collection of debts by said persons alleged to be due to them from said employes, and, as part of said actions, to attach, by garnishment proceedings against said receiver, the wages due to said employes for services by said employes performed in and about said railway and the maintenance and operation thereof; that said creditors of said Missouri employes will bring said actions in the state of Iowa, instead of in the state of Missouri, expecting thereby, in said Iowa actions, to secure judgments, effective against said receiver as garnishee, to an extent greater than such creditors could have secured, under the exemption statutes of Missouri, had such actions been brought in said state of Missouri, where said employes reside; that said employes are thus put to great hardship and loss in the matter, and the receiver to great trouble and expense if he be compelled to attend to the defense of said garnishment proceedings and to his relation thereto as garnishee defendant. Complaint is also made by the receiver as to similar actions about to be brought in the Iowa courts, by Iowa creditors, wherein said receiver is to be garnished. The receiver avers that said garnishment proceedings are "improperly brought, and such suits in the state courts are without jurisdiction, until leave to bring the same be first granted by this court;" wherefore the receiver asks for an order that all such actions as are above described be brought by intervention in the proceedings pending in this court, and for a writ of injunction enjoining the bringing of said actions in the state courts of Iowa, without leave therefor being first granted.

That the bringing of actions in the state courts by creditors of the employes engaged in connection with said railway, to be accompanied with garnishment of the receiver, must necessarily be attended with trouble and expense to said receiver, cannot be doubted. These actions, it is well known, are generally for comparatively small amounts, and are brought mostly before justices of the peace, over wide-spread area, and in any county in which, under the statutes of the state, service may be had. They thus become to the receiver a matter of serious inconvenience, if not of possible hazard, because of the judgments that may be therein rendered.

But to our mind there is a consideration of a much more serious nature. The railway company is in the hands of this court. Its employes are in the service of this court. It is the duty of the court, through its receiver and employes, to maintain and operate said road as efficiently as practicable. The court recognizes that these employes are generally dependent for their living upon the wages contracted to be paid them for their labor upon and in connection with said railway. These garnishment proceedings are instituted for the purpose of collecting debts due to outside creditors; and the intent is to seize and appropriate these wages—the livelihood—of these employes for the payment of such debts. In other words, the wages of the employes of this court, necessary for their present living, are, in these garnishment proceedings, to be diverted from such use. The effect must be to diminish the power of this court to operate the road. To take away the support of the employes is to cripple the efficiency of such operation, and this court is not powerless to prevent its employes from being starved out of its employ.

For the present purposes, it is not necessary to decide whether or not the actions above described may be brought without the leave of this court first granted therefor. If they may be brought without such leave, yet, by the provisions of the statute relating thereto (25 Stat. 433, § 3), payment by the receiver of the judgments therein rendered could only be made after this court had passed thereon. This statute expressly subjects such actions "to the general equity jurisdiction of the [United States] court in which such receiver was appointed, so far as the same shall be necessary to the ends of justice."

We hesitate to attempt a process of injunction which may in any event or to any degree affect actions pending or about to be brought in the courts of the state. The expressed will of congress and the uniform policy of the federal courts are opposed to the issuance of such injunctions, save in a very few exceptional cases, not necessary to be here described. In the present case we do not find such writ required. The effect desired can be otherwise attained. This court not only does not sanction, but it expressly disapproves of, the bringing of these garnisheeing actions. The power and practice of this court are ample for the consideration of such applications as may be necessary to decide with reference to the appropriation of the wages of the employes of this court to the payment of such debts; and such applications must be made to this court, before funds in the hands of the receiver will be permitted to be thus appropriated. From this court and its receiver is due, and cheerfully extended, to the courts of the state of Iowa, that considerate courtesy which such courts justly merit; but the receiver cannot be permitted to litigate therein matters relating to the wages in his hands belonging to the employes of this court. In this court is found the proper and accepted forum therefor.

The receiver is therefore directed, upon service of notice of garnishment upon him, as receiver, in said state courts, to file therein a

certified copy of the order hereto appended, and thereafter to take no further part as such receiver in said action; and if, notwith-' standing the filing of such certified order, the claimant or plaintiff in such action shall prosecute said proceeding, such garnishing plaintiff or claimant will not be granted leave nor allowed to file herein the claim therein presented, or any judgment he may have obtained therein; nor will he be decreed or permitted to receive, from said receiver or out of the funds in his hands, any costs therein incurred, or any wages or funds that may be due or that may belong to the alleged debtor in said garnishment proceeding.

CALDWELL and SANBORN, Circuit Judges, concur in the conclusion, and approve the order.

---

The clerk of this court will enter of record the following order, and furnish duly-certified copies thereof to said receiver, upon his demand therefor:

Now, on this 21st day of April, A. D. 1894, there coming regularly on for hearing the application of J. F. Barnard, receiver of said railway company, heretofore duly appointed by this court, with reference to the action to be by him taken in garnishment proceedings against him, as hereinafter stated, and it being shown to this court that creditors of employes of this court, employed in the maintenance and operation of said railway company, are about to institute, in the courts of the state of Iowa, actions for the collection of debts alleged to be due from said employes to said creditors, and wherein it is intended that said receiver shall be garnished for wages alleged to be due, or that may hereafter fall due, to such employes for labor with reference to said railway, which said actions and said garnishment proceedings therein would cause said receiver great inconvenience, trouble, and expense, which might be greatly lessened were said creditors to apply in such matters directly to this court, which is open and ready to attend thereto when application is made therefor; and it further appearing to this court that the efficiency of said receiver in the maintenance and operation of said railway would be greatly impeded by the prosecution of said garnishment proceedings, and the appropriation therein of the wages of said employes,—it is therefore and hereby accordingly ordered that whenever said receiver is served with notice of garnishment, or any other notice, writ, or process, issuing out of or pertaining to any of the courts of the state of Iowa, and whereby is sought to be attached, garnished, or appropriated any wages due, or that may become due, to any employe of this court, through said receiver, that, on or before the return day,— when by said notice, writ, or other process said receiver is directed to appear or answer or make a showing with reference thereto, and whether under oath or otherwise,—said receiver do file with the officer serving said notice, writ, or process, and with said court or the clerk thereof, as the case may be, a certified copy of this

order, and do, as said receiver, respectfully decline to proceed further therein; and it is further ordered that, if any plaintiff or claimant in or under said garnishment action, notice, writ, or process shall thereafter further proceed therewith in said state court, such plaintiff or claimant shall not be granted leave nor allowed to file in this court any application or claim for payment of or with reference to said claim so set up in said state court or judgment thereon (if any rendered thereon), nor shall he be decreed or permitted to receive therefor from said receiver or through this court, in any manner, any wages or funds that at any time may be in the hands of said receiver, which may be due or belong to any alleged debtor in such garnishment proceedings, nor the payment of any costs in such proceedings incurred.

NOTE. The above order was subsequently so modified as to permit the copy to be filed with the officer serving the process, etc., to be an uncertified copy.