BUGG, receiver, *v.* CONSOLIDATED GROCERY CO.

Under the provisions of § 5485 of the Civil Code, receivers appointed by the State courts are not subject to garnishment, nor are receivers appointed by the United States courts subject to the process of garnishment, because this class of cases does not fall within acts and transactions relating to the operation of the road, as mentioned in 36 Stat. L. 1104, § 66 (5 Fed. Stat. Ann. 541).

No. 3375.    MAY 15, 1923.

Certiorari; from Court of Appeals. 28 *Ga. App.* 809.

*Brandon & Hynds, Crum & Jones,* and *Wall, Grantham & Kassewitz,* for plaintiff in error.

*A. J. & J. C. McDonald,* contra.

RUSSELL, C. J. The only question involved in this case is whether a receiver appointed by a court is subject to garnishment without the consent of the court by which he was appointed. Our learned brethern of the Court of Appeals held that Bugg, as receiver of the Atlanta, Birmingham & Atlantic Railway Company, appointed by the United States court, could be garnished, and that therefore the funds admitted to be in his hands were subject to garnishment. In the second headnote of the decision of the Court of Appeals it is held: " An indebtedness due by a receiver, appointed by a United States district court for a railroad corporation, to an employee, for services rendered to the receiver in carrying on the business of the railroad, is a 'transaction of

[the receiver] in carrying on the business connected with' the railroad property, and in respect of which he may be sued in a State court without the previous leave of the court in which he was appointed. It follows, therefore, that a garnishment proceeding instituted in a State court against such receiver, in so far as it subjects to process of garnishment any indebtedness due by the receiver to an employee for services rendered to the receiver during the receivership, in carrying on the business connected therewith, is such a suit as may, under the above-quoted act of Congress [United States Judicial Code, § 66], be instituted against the receiver." The decision of the Court of Appeals rests upon the proposition that under § 66 of the United States Judicial Code, the making of a debt to an employee is such an act or transaction as comes within that section contained in the act of Congress of March 3, 1887.

We are of the opinion that the Court of Appeals erred in holding that the garnishment could proceed for the reasons stated, or for any other reasons which rest within our knowledge. This court is of the opinion that no receiver can be made subject to the process of garnishment, except by leave of the court which appointed him; and it is admitted in the case at bar that no such leave had been obtained from the United States court by which Bugg was appointed as receiver. This conclusion may, we think, be properly reached by mere reference to § 5485 of our Civil Code, which declares that no receiver shall be subject to garnishment. This would seem to be sufficient authority to end any further discussion upon this point. Long before this code section was adopted, this court, speaking through Judge Nisbet in the case of *Fields* v. *Jones,* 11 *Ga.* 413, held that funds or property in the hands of a receiver were virtually in the hands of the court, and that garnishment could not be permitted to interfere with the administration of anything of any nature of which a court of equity had taken charge. However, since the decision of the Court of Appeals is based upon a construction of § 66 of the United States Judicial Code, it becomes necessary to consider whether the ruling of the Court of Appeals is sound under the statute above referred to, as corrected by the act of August 13, 1888 (known as the judiciary act) and the decisions of the courts of the United States construing 36 Stat. L. 1104, United States

Judicial Code, § 66, as it now appears in volume 5 of Federal Statutes Annotated 541. Section 66 is as follows: " Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed, so far as the same may be necessary to the ends of justice." The Court of Appeals, in quoting this section as a basis for its ruling, seems to have omitted consideration of the concluding sentence thereof, in which it is declared: " but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed, so far as the same may be necessary to the ends of justice."

We cannot concur in the construction placed on section 66 by the Court of Appeals. The " act or transaction of his in carrying on the business connected with such property " can not include the mere holding of funds which may have accrued in the operation of the railroad or by borrowing money and which may be subject to be paid on indebtedness to employees serving under him, because these employees are in effect the servants of the court and in its employ; and of course a court of chancery can not be subject to garnishment, for garnishment is a legal proceeding, and the chancellor can not be required to appear and plead in a court of law. Even if this were not true, under the provisions of § 65 of United States Judicial Code, 36 Stat. L. 1104 (5 Fed. Stat. Ann. 541), all receivers in causes pending in a United States court, who are in possession of any property, shall manage the same according to the requirements of the valid law of the State; and in this State, under the provisions of the Civil Code, § 5485, supra, no receiver is subject to process of garnishment. Furthermore it is our duty to construe § 66 in accordance with the construction given it by the courts of the United States. It is a well-settled rule of jurisprudence which has been followed by this court since its earliest history, as pointed out by Chief Justice Jackson in *Clark* v. *Turner,* 73 *Ga.* 1, to construe all statutes of a sister State, as well as the statutes of the United States, in· accordance

with the meaning and construction placed upon them by the courts of these foreign jurisdictions. Following this rule, we have endeavored to ascertain the construction placed upon the language of § 66, supra, by the United States courts. We have been unable to find where the precise question has been passed upon by the Supreme Court of the United States, but in a number of cases in the Federal district courts it has been held that garnishment proceedings are not actions against the receiver for an act or transaction of his, within the meaning of § 66, supra. Among such cases as may be cited are Central Trust Co. v. East Tennessee &c. Ry. Co., 59 Fed. 523; Central Trust Co. v. Chattanooga &c. R. Co., 68 Fed. 685; Central Trust Co. v. Wheeling &c. R. Co., 189 Fed. 82.

In the first the three cases just cited, in which the court was construing § 66, supra, it was held that: "Garnishment proceedings are not suits against the receiver for 'any act or transaction of his,' within the meaning of the statute, and the appointing court may enjoin the bringing of such proceedings." Circuit Judge Taft, now Chief Justice of the Supreme Court of the United States, participated in the decision and joined in the opinion. It was further held: "A proceeding for garnishment purposes is an equitable seizure of the funds and property within the custody of the court." See also ex parte Tyler, 149 U. S. 164, 182 (13 Sup. Ct. 785, 37 L. ed. 689). In United States Trust Co. v. Omaha &c. Ry. Co., 61 Fed. 531, appears this syllabus: "Where a receiver appointed by a Federal court is brought into State courts through garnishment proceedings instituted by creditors of persons employed in the operation and maintenance of the railroad over which the receiver was appointed, the intent of such proceedings being to reach the wages, in the receiver's hands, of such employees, and to appropriate such wages to the payment of debts owing to the garnishing creditors, held: (1) That the receiver and said employees being in the service of the Federal court, and the Federal court being the proper forum in which to litigate such matters, such court will, by its order, protect said receiver from the serious inconvenience, expense, and possible hazard of litigating in the State courts the matter involved in such garnishment proceedings, and its employees from being starved out of its service, and the efficiency of the road from being thereby impaired. (2)

That even though such garnishment proceedings might be brought without leave of said Federal court first obtained, yet payment of any judgment therein rendered against the receiver is subject to the general equity jurisdiction of, and must be passed upon by, the Federal court appointing the receiver. Act Aug. 13, 1888, c. 866, § 3." In Central Trust Co. *v.* Chattanooga &c. R. Co., supra, it was held that " Garnishment proceedings are not suits against the receiver for any ' act or transaction of his,' within the meaning of the judiciary act of March 3, 1887, as corrected by act of August 13, 1888 (25 Stat. 433), allowing receivers of Federal courts to be sued for such acts in carrying on the business connected with the property, without leave of the appointing court." In this case the Georgia law to which we have already referred was considered and dealt with, and the importance of the proviso to § 66, supra, which seems to have been overlooked by the Court of Appeals, is stressed, and from this becomes apparent what Congress had in mind by the correcting act of 1888.

In Central Trust Co. *v.* Wheeling &c. R. Co., supra, the court held that " Receivers appointed by a court of chancery are not subject to attachment in an action at law, since, in the absence of statutory authority, a court of chancery will not permit interference with its operations by proceedings at law." And also that " Where a receiver, appointed by a Federal court to operate a railroad, was garnished in an action at law in a State court, such garnishment being a nullity, the receiver incurred no responsibility by ignoring the service and all other subsequent proceedings based thereon."

Aside from the authorities cited, and considering the long-established practice as to funds in custodia legis, it must be apparent that under general principles the Georgia law as embodied in § 5485 of the Civil Code is sound, just as a consideration of the proviso to § 66 of the United States statute is absolutely necessary. A garnishment, as it has frequently been held, is a separate though an ancillary proceeding and suit. The word is of French derivation, being an Anglicisation of the French word garnir, which means to warn or give notice of. Garnishment is a species of attachment, and it is inconceivable that money or property in custodia legis could be subject to such a process. As has been several times decided, there is a wide difference between

a receiver and a sheriff. The sheriff is an officer of the law and subject to the law; the receiver is merely the hand of the court and is altogether subject to the orders of the court. Funds or property in the hands of the receiver are in the hands of the court itself. Therefore the general rule for generations has been that receivers are not subject to suits of any kind, unless the court which appointed him would grant leave for such suit to be entered, and the effect of such statutes, whether State or Federal, which have been passed allowing the receiver to be sued, is merely to create an exception to the general rule, which extends no further than the precise terms of the grant strictly construed.

For the reasons stated we are of the opinion that the Court of Appeals erred in setting aside the judgment of the trial judge; and for this reason its judgment must be

*Reversed. All the Justices concur.*