Arlen, J.
 

 In this case the plaintiff, A. T. Spinell, brought an action for damages against the defendants, Earl K. Shaweker and Fred A. Bowers, who are practicing physicians and surgeons, alleging that upon February 20, 1930, the defendants performed an operation known as hysterectomy upon his wife, Rose Spinell, and that she died on the same day.
 

 Plaintiff alleged facts sufficient to charge malpractice, and then set forth that by reason of such facts he had been deprived of the society, companionship and consortium of his wife, and prayed damages therefor. The answer of each defendant admitted the death, but denied any negligence.
 

 At the conclusion of the plaintiff’s testimony, the defendants moved the court to arrest the testimony and to instruct the jury to return a verdict for the defendants, which motion the court granted. The judgment rendered by the trial court upon this verdict was reversed by the Court of Appeals of Tuscarawas county, on the ground that the court erred in sustaining the motion to direct a verdict in favor of the defendants.
 

 There is in this record nothing to establish that there
 
 *425
 
 was any instant of time between the performance of the operation and the death of the wife. No such averment was made in the petition. It is true that a husband has a cause of action for damages arising out of loss of services resulting from an operation upon his wife. 21 Ruling Case Law, 397. All elements of damage which arise solely from the wrongful death are excluded as a ground of recovery.
 
 Sherlag
 
 v.
 
 Kelley,
 
 200 Mass., 232, 86 N. E., 293, 19 L. R. A. (N. S.), 633, 128 Am. St. Rep., 414. It is only where death is not instantaneous that the husband may recover for loss of his wife’s services, between the time of the performance of the malpractice and the death of the wife. 21 Ruling Case Law, 398; 19 L. R. A. (N. S.), 633, note, and cases cited;
 
 Green
 
 v.
 
 Hudson River Rd. Co.,
 
 28 Barb. (N. Y.), 9;
 
 Wyatt
 
 v.
 
 Williams,
 
 43 N. H., 102;
 
 Grosso
 
 v.
 
 Delaware, Lackawanna & Western Rd. Co.,
 
 50 N. J. Law, 317, 13 A., 233;
 
 Womack
 
 v.
 
 Central Railroad & Banking Co.,
 
 80 Ga., 132, 5 S. E., 63.
 

 Hence the Court of Appeals was in error upon this record in reversing the judgment of the court of common pleas.
 

 Judgment reversed and judgment of the court of common pleas affirmed.
 

 Maeshael, C. J., Jones, Matthias, Day, Kinkade and Stephenson, JJ., concur.