37933.   BAILEY *v.* WILSON.

DECIDED OCTOBER 14, 1959.

*Sharpe & Sharpe, T. Ross Sharpe, T. Malone Sharpe,* for plaintiff in error.

*J. W. Story, J. Laddie Boatwright,* contra.

GARDNER, Presiding Judge. ■ The court did not err in overruling the general demurrers to the petition.

■ Questions of negligence, whose negligence and what negligence are questions particularly for the determination of the jury.

■ ■ Special demurrer numbered 1 is not meritorious, particularly for the reason that the defendant appeared in the trial court and pleaded to the merits of the case, making no proper plea to the jurisdiction.

■ The trial court erred in overruling special demurrer numbered 10 going to paragraph 13 of the petition, under the ruling

in *Brown* v. *Georgia-Tennessee Coaches,* 88 *Ga. App.* 519 (77 S. E. 2d 24). (That case was a full-bench decision carried to the Supreme Court by writ of certiorari, the Supreme Court refusing to entertain the certiorari). In that case (p. 532), this court said: "Inasmuch as this is the first time this kind of a right of recovery has been allowed, we deem it advisable to go further and say that in such an action as this, whether or not the right to recover for the husband's loss of earnings and earning capacity is theoretically a right common to both the husband and the wife, we hold that the right to recover for the loss of these items is primarily in the husband and, to avoid double recovery for such damages, hold that the right of recovery for these items must be confined to the husband alone, the wife having the right to recover for other losses for which the husband has no cause of action." All other special demurrers going to this same point were erroneously overruled.

The *Brown* case (p. 532) also held that a wife can recover for loss of consortium in the following language: "It is . . . the opinion of this court that in light of the existing law of this jurisdiction, in the light of the specious and fallacious reasoning of those cases from other jurisdictions which have decided the question, and in light of the demonstrable desirability of the rule under the circumstances, a wife has a cause of action for loss of consortium due to a negligent injury to her husband. This result poses no problems in ascertaining the wife's damages. Simple mathematics will suffice to set the proper quantum. For inasmuch as it is our opinion that the husband in most cases does recover for any impairment of his duty to support his wife, and, since a compensable element of damages must be subject to measure, it is a simple matter to determine the damages to the wife's consortium in exactly the same way as those of the husband are measured in a similar action and subtract therefrom the value of any impairment of his duty of support."

All rulings on special demurrers as to earnings of the husband, his earning capacity, and his pain and suffering, were erroneous, because such recovery is within the province of the husband only. Those special demurrers should have been sustained. The

court did not err in overruling any of the special demurrers except those covered specifically or en masse herein above.

*Judgment affirmed in part and reversed in part. Townsend and Carlisle, JJ., concur.*