### 38198.   LUNSFORD *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al.*

TOWNSEND, Judge.   1.   45 U. S. C. A. § 51, a part of the Federal Employers' Liability Act, provides that every common carrier by railroad in interstate commerce "shall be liable in damages to any person suffering injury while he is employed" by the carrier, or to designated survivors in case of death, where the injury results "in whole or in part" from the negligence of the carrier.   It thus, as to employees or their survivors, modifies the common-law rules relating to degree of negligence, assumption of risk, fellow-servant doctrine, and other like respects.   It does not state, as does the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S. C. A. § 905, that its provisions shall be exclusive of all other liability to the employee or "anyone otherwise entitled to recover damages   .   .   .   on account of such injury."   Where the negligence alleged is a violation of a provision of the Safety Appliance Act, 45 U. S. C. A. § 2, this act and the Federal Employers' Liability Act are to be construed and applied together.   International-Great Northern R. Co. *v.* U. S., 268 F. 2d 409.   The Safety Appliance Act contains no provisions either limiting its application exclusively to employees or de-

nying to third persons whose rights arise because of injury to an employee redress thereunder. A violation of the act may be alleged and proved by one not an employee and who does not complain because of injury to an employee. Brady *v.* Terminal Railroad Association of St. Louis, 303 U. S. 10 (58 S. Ct. 426, 82 L. Ed. 614).

2. It is recognized in this State that a wife has an independent right of action for the loss of consortium of her husband due to a tortious injury inflicted upon him which denies her this right, although she may not in such action recover any item of damages which would be a proper item of damages in an action directly by the husband. *Brown* v. *Georgia-Tennessee Coaches, Inc.*, 88 *Ga. App.* 519 (77 S. E. 2d 24). The request to overrule this decision is denied.

3. This writ of error raises the primary question of whether, under the foregoing rules of law, a wife may sue for loss of consortium occasioned by injuries to her husband, an employee of a railroad public carrier engaged in interstate commerce, who is injured by negligence of the railroad proximately resulting from a violation of one of the provisions of the Federal Safety Appliance Act, as against the contention of the defendant that Congress, in passing the Federal Employers' Liability Act, has preempted the field of legislation relating to the liability of railroad companies for injuries received while engaged in interstate commerce and thus impliedly excluded any remedy other than that provided for in the act.

Congress has not, by the terms of the act in question, preempted the field of legislation so as to bar or diminish the rights of third persons arising under the common law or the statutes of the several States. There is no language in the Federal Employers' Liability Act, as there was in the Longshoremen's and Harbor Workers' Compensation Act, attempting to define and limit the liability of the employer toward any person other than the employee. Congress has the power "to regulate commerce . . . among the several States" (U. S. Constitution, Art. I, Sec. VIII, Par. III), and in regulating commerce it has the power to regulate the rights and liabilities of employers and employees relating to each other when the parties are engaged in interstate commerce, but whether it has the right to regulate such a relationship between one party, who is engaged in interstate commerce, and another party who is not, so as to

abridge the rights and remedies of the latter under State law, without at the same time invading those rights reserved to the State under the Tenth Amendment, is a different question. When *Anderson* v. *Savannah Machine &c. Co.,* 96 *Ga. App.* 621 (100 S. E. 2d 621) was before us, that question was not presented, and, if it had been, the Supreme Court of Georgia, and not this court, would have had jurisdiction of the question.

What we have here is a different situation. The plain wording of 45 U. S. C. A. § 51 does not deal with the common-law right of the wife of a railroad employee to sue the railroad for negligence which resulted in injury to herself other than the injury for which her husband may seek his own recovery within the Federal statute. It does not, as it might well have attempted to do by language like that incorporated in other Federal statutes, endeavor to restrict the liability of the employer to the employee only. But what the act has not said the United States Supreme Court has read into it in the case of New York Central & Hudson River Railroad Co. *v.* Tonsellito, 244 U. S. 360, 361 (37 S. Ct. 620, 61 L. Ed. 1194). Counsel for the plaintiff in error attempts to distinguish this case, but we concur with the able trial judge who sustained the general demurrer to this petition that the Tonsellito case cannot be distinguished, in view of the language of the decision, from the case at bar. It was there stated: "The Court of Errors and Appeals ruled, and it is now maintained, that the right of action asserted by the [plaintiff] father [of the employee] existed at common law and was not taken away by the Federal Employers' Liability Act. But the contrary view, we think, is clearly settled by our recent opinions in New York Central R. R. Co. *v.* Winfield, ante, 147, and Erie Railroad Co. *v.* Winfield, ante, 170. There we held the act 'is comprehensive and, also, exclusive' in respect of a railroad's liability for injuries suffered by its employees while engaging in interstate commerce. It establishes a rule or regulation which is intended to operate uniformly in all the States, as respects interstate commerce, and in that field it is both paramount and exclusive.' Congress having declared when, how far, and to whom carriers shall be liable on account of accidents in the specified class, such liability can neither be extended nor abridged by common or statutory laws of the State." This

constitutes a holding to the effect that the independent cause of action of a person other than an employee of an employer engaged in interstate commerce, which however arises because of such injury, is impliedly destroyed by the wording of the Federal statute.

We recognize that a decision of the U. S. Supreme Court as to the interpretation of Federal Statutes is, within its proper sphere of inquiry, binding on the courts of this State. *Bugg* v. *Consolidated Grocery Co.*, 155 *Ga.* 550, 552 (118 S. E. 56). We recognize also that the decision reached in this case is likely to be unacceptable to that court, and that that court, being the court of last resort, has it within its power to nullify this decision. Nevertheless, we are of the firm opinion that, where a right of action under State law exists in a person not engaged in interstate commerce, Federal statutes cannot, at least by implication, destroy that right under the guise of legislating for the purpose of controlling and regulating commerce between the States. The Tenth Amendment to the Federal Constitution has been nibbled away on many fronts; yet it still remains a shield, and the United States Supreme Court has frequently given expression to the principle that the Federal Government may not encroach on the reserved powers of the States, nor interfere with the States within the limits of State sovereignty. State of North Carolina *v.* U. S., 325 U. S. 507 (65 S. Ct. 1260, 89 L. Ed. 1760); U. S. *v.* Butler, 297 U. S. 1 (56 S. Ct. 312, 80 L. Ed. 477, 102 A. L. R. 914); Hopkins Federal Savings & Loan Ass'n *v.* Cleary, 296 U. S. 315 (56 S. Ct. 235, 80 L. Ed. 251). And see *International Business Machines Corp.* v. *Evans*, 213 *Ga.* 333 (99 S. E. 2d 220). "The state and not the federal government may fix or determine the substantive rules of common law or statutory rules governing property rights applicable within the state, and congress cannot exert control over individual property rights except in the proper exercise of its constitutional powers." 81 C. J. S. 891, States, § 7; Erie R. Co. *v.* Tompkins, 304 U. S. 64 (58 S. Ct. 817, 82 L. Ed. 1188, 114 A. L. R. 1487); Ginsberg *v.* Lindel, 107 F. 2d 721.

Under the substantive rules of common law as interpreted by this court in *Brown* v. *Georgia-Tennessee Coaches, Inc.*, 88 *Ga. App.* 519, supra, a citizen of this State who is denied the right of consortium by reason of a tort committed upon her hus-

band has herself been tortiously injured and may maintain her own action for damages for such injury in the courts of this State. This citizen is not engaged in interstate commerce, and cannot therefore be affected by an interpretation of an act of Congress by the Federal courts relating to interstate commerce. She is claiming no rights under any Federal statute. She has not brought herself in any way within the field of interstate commerce. She is pursuing a common-law remedy in a State court which recognizes such a remedy. If the dragnet of Federal construction can sweep her from this forum and into that field in which Congress acts in regulating interstate commerce, it cannot do so without abridging the right of this sovereign State to adjudicate the rights and remedies of its citizens who are not engaged in interstate commerce and who seek no relief by virtue of any Federal interstate commerce statute. Whether we call the right of this wife a derivative or an independent right is a mere quibble. Her action, in that it is a cause of action accruing to her and not to her husband or anybody else, is independent and exists only in her. It is derivative only to the extent that if her husband had not been incapacitated she would not have been injured. It is somewhat comparable to a situation where the State under its power of eminent domain siezes the freehold of an owner, yet the right of action for a part of the taking may reside in a lessee although the lessee's right to possession is derivative from the landlord. That does not keep the lessee from his own cause of action.

The result reached in the Tonsellito case may be upheld on the basis that the father of the minor employee there was suing only for damages which might have been included in his son's cause of action brought under the Federal Employers' Liability Act. It cannot, in the opinion of this court, be so construed as to deny this plaintiff her right of action given to her under State law for loss of her husband's consortium by reason of the negligence of the defendant on the ground that Congress, in giving to an employee engaged in interstate commerce by rail certain rights of action for the injury to himself intended thereby to deprive third parties not engaged in interstate commerce of rights of action arising independently of interstate commerce, since to do so would impute to Congress an intention to invade the rights of the State in contravention

of the Tenth Amendment to the Constitution, there being no language in the act itself which indicates such intention.

While, as previously stated, this court recognizes the rule that it is bound by the interpretation placed on Federal statutes by the Federal courts, this court also recognizes its duty to uphold the sovereign powers of this State and not to surrender them to any power, at least without protest. Accordingly, where as here the Supreme Court of the United States attempted to interpret the Federal Employers' Liability Act by incorporating in that act matter not included in that act, and matter which, had it been included, would have been a clear invasion of the powers of this State, this court will not recognize such an attempted interpretation of the act as being an interpretation of the act in question. To do so would constitute meek surrender of our own sovereign powers. At the same time, this court recognizes that these powers can and doubtless will be taken. However, as they disappear one by one, it is our duty at least to register protest.

The trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MARCH 18, 1960—REHEARING DENIED
MARCH 31, 1960.

*Hewlett, Hewlett & Wall, Sam D. Hewlett, Jr.,* for plaintiff in error.

*Heyman, Abram & Young, Herman Heyman,* contra.