### 20917.   LOUISVILLE & NASHVILLE RAILROAD CO.
### *et al.* v. LUNSFORD.

CANDLER, Justice.   This case came to the Supreme Court on certiorari to the Court of Appeals.   The trial judge had dismissed the plaintiff's petition on a general demurrer, which questioned its sufficiency to state a cause of action for damages flowing from an alleged loss of the right of consortium.   The Court of Appeals reversed that ruling.   See *Lunsford v. Louisville & Nashville Railroad Co.*, 101 Ga. App. 374 (114 S. E. 2d 310).   Hence the only question which is presented to this court for decision is whether a wife may sue for loss of consortium occasioned by an injury which her husband, an interstate employee of a railroad company, sustained in consequence of his employer's negligence as against the defendants' contention that Congress, in passing the Federal Employers' Liability Act, pre-empted that field of legislation and excluded all remedies which might be resorted to for injuries to employees other than those provided for by such act. In determining the question so presented, it has been settled law in this State for a long time that this court and the Court of Appeals are both bound by and must follow the decisions of the Supreme Court of the United States construing applicable Federal statutes.   See *Clews v. Munford*, 78 Ga. 476 (3 S. E. 267); *Lee v. Central of Ga. Ry. Co.*, 147 Ga. 428, 430 (94 S. E. 558); *Looper v. Ga. S. & F. Railway Co.*, 213 Ga. 279 (99 S. E. 2d 101); *Southern Ry. Co. v. Turner*, 88 Ga. App. 49, 51 (76 S. E. 2d 96); *Atlantic Coast Line R. Co. v. Shed*, 90 Ga. App. 766, 769 (84 S. E. 2d 212).   And since the only question presented by the record in this case is settled and controlled adversely to the plaintiff's asserted claim for damages, and her right to maintain an action therefor, by the rulings of the Supreme Court of the United States in New York Central &c. R. Co. v. Tonsellito, 244 U. S. 360, 361 (37 S. Ct. 620, 61 L. Ed. 1194); New York Central R. Co. v. Winfield, 244 U. S. 147 (37 S. Ct. 546, 61 L. Ed. 1045); and Erie Railroad Co. v. Winfield, 244 U. S. 170 (37 S. Ct. 556, 61 L. Ed. 1057), it necessarily follows that the judgment rendered by the Court of Appeals is erroneous, and since those three cases so clearly announce the rule which must be ap-

plied in this case, it is not deemed necessary to here restate or elaborate the rulings there made.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 11, 1960—DECIDED SEPTEMBER 8, 1960—
REHEARING DENIED SEPTEMBER 21, 1960.

*Herman Heyman, Heyman, Abram & Young,* for plaintiffs in error.

*Hewlett, Hewlett & Wall,* contra.

*Crenshaw, Hansell, Ware, Brandon & Dorsey, John B. Miller, Bloch, Hall, Groover & Hawkins, Troutman, Sams, Schroder & Lockerman,* for parties at interest.