**DeEtte DUFFY, Plaintiff,**

v.

**LIPSMAN–FULKERSON & CO., a Corporation and William G. Ryan,**
Defendants.

**No. 871.**

United States District Court
D. Montana,
Butte Division.

Dec. 8, 1961.

Horace J. Dwyer, Anaconda, Mont., and Malcolm MacCalman, Deer Lodge, Mont., for plaintiff.

Poore, Poore & McKenzie, Butte, Mont., for defendant.

MURRAY, Chief Judge.

The motion of the defendants to dismiss the first and second separate claims in plaintiff's complaint having been considered by the Court, and the Court being fully advised in the premises,

Now, therefore, it is ordered and this does order that said motion to dismiss be and the same hereby is denied, and the defendants are granted 20 days within which to further plead.

In this case, with regard to the first separate claim, defendants apparently do not seriously urge their motion to dismiss and the Court has examined the claim and is convinced that it does state a claim upon which relief may be granted.

In her second separate claim, plaintiff seeks to recover damages for the loss of consortium of her husband which she alleges resulted from injuries negligently inflicted on the husband by the defendants. Defendants' motion to dismiss is based upon the contention that under Montana law a wife has no action for loss of consortium when such loss is the result of negligent injury to her husband.

■ Jurisdiction in this case is based upon diversity of citizenship, 28 U.S.C.A. § 1332, and under the provisions of 28 U.S.C.A. § 1652 and the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the law to be applied in this case is the law of the State of Montana. Both parties are agreed that the Montana Supreme Court has not passed upon the question of whether or not a wife has a cause of action for loss of consortium due to the negligent injury of her husband. In West v. American T. & T. Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, the doctrine of Erie v. Tompkins, supra, was extended further to require federal courts in cases such as this, where the highest court of the state has not pronounced on the subject, to ascertain from all other available data what the state law is, and to apply that law. In other words, this court must endeavor to ascertain what decision the Montana Supreme Court would reach were the question presented to it.

§§ 12–103 and 12–104, R.C.M.1947, provide that the common law where it is not repugnant to, or inconsistent with, the Constitution of the United States, or the constitution, statutes or codes of the state, shall be the law and the rule of decision in Montana. Defendants contend that since there is not constitutional or statutory provision in Montana expressly permitting a wife a cause of action for loss of consortium due to injuries negligently inflicted upon her husband, and since such action was unknown at common law, it does not now exist in Montana.

■ While it is true there is no express statutory authorization for such an action in Montana, and no Montana Supreme Court decision directly on the point, the Court is of the opinion that under the statutory and case law of Montana such a cause of action does exist.

■■ The right to maintain an action depends upon the existence of what is termed a cause of action. § 93–2203, R.C.M.1947, provides: "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense". A cause of action is ordinarily considered as involving the combination of two elements, first, a right on the part of the plaintiff, and second the violation or infringement of such right by the defendant. Dillon v. Great N. Ry. Co., 38 Mont. 485, 100 P. 960; Conley v. Conley, 92 Mont. 425, 15 P.2d 922. That the second element of the cause of action, i. e. the violation or infringement of plaintiff's right, may be accomplished by the negligence of the defendant is too obvious to require further consideration, but, of course, the fact of defendants' negligence remains as one of the questions to be ultimately decided in the case.

■ Turning then to the first element of a cause of action, the existence of a right in the plaintiff, it is clear under

Montana law that a wife obtains certain rights by virtue of the marriage relationship. § 48–101, R.C.M.1947, provides that marriage is a personal relation arising out of a civil contract, to which the consent of parties capable of making it is necessary. § 36–101, R.C.M.1947, provides that upon entering into a marriage, the husband and wife contract toward each other obligations of *mutual* respect, fidelity and support. Thus the mutual rights which arise in the husband and wife upon marriage may be termed contractual rights or legal rights. It is also clear that included in these rights which arise upon marriage are rights which are embraced within the meaning of the term consortium for, as the Montana Supreme Court stated in Wallace v. Wallace, 85 Mont. 492, 516, 279 P. 374, 382, 66 A.L.R. 587 "in addition to support, a wife is entitled to the aid, protection, affection, and society of her husband".

However, defendants argue that the cause of action by a wife for the loss of consortium of her husband due to negligence of the defendant was unknown at common law, and that the Montana Married Women's Act was not intended to create any new rights of action. § 36–110, R.C.M.1947, a part of the Married Women's Act, provides:

> "Married women may prosecute actions. A married woman in her own name may prosecute action for injuries to her reputation, person, property, and character, or for the enforcement of any legal or equitable right, and may in like manner defend any action brought against herself."

And § 36–128, R.C.M.1947, a part of the same Act, provides:

> "A married woman may sue and be sued in the same manner as if she were sole."

The Montana Supreme Court considered these two sections in Conley v. Conley, supra. In that case, after pointing out that where a right sought to be asserted was not known to the common law authority for the right must be found in the Acts of the Legislature, the Court stated at page 437 of the Montana Reporter, 15 P.2d at page 925:

> "In determining the intendment of a statute we bear in mind that in this jurisdiction the rule that statutes in derogation of the common law are to be strictly construed has no application; the Codes established the law of this state respecting the subject to which they relate, and their provisions are to be liberally construed with a view to effect their objects and promote justice, Section 4, Rev.Codes 1921 [now Sec. 12–202, R.C.M.1947]."

The Conley case was an action brought by a wife against her husband for personal injuries which she sustained as a result of the alleged negligence of her husband's chauffeur. Speaking of the Married Women's Acts, the Court said, at page 432 of the Montana Reporter, 15 P.2d at page 923:

> "The primary purpose of these acts was to free the wife from the husband's domination in property matters; to accomplish that it was requisite to place the wife upon an equal footing with the husband as to the ownership, control, and enjoyment of property, and as to contractual rights in general, *with an equal right to resort to the courts. The intention was, in these respects, to place husband and wife upon a parity.*"

The Court declined to permit the wife to maintain her action against her husband because at common law neither spouse could sue the other. At page 436 of the Montana Report, 15 P.2d at page 925, the Court stated, "At common law there was no right of action in either husband or wife for a personal tort of the other; neither had a cause of action * * * therefor". The Court went on to say at 439 of the Montana Report, 15 P.2d at page 926 that if the wife's contention in that case were sound "we would have the novel situation of the wife having a cause of action against her

husband for a personal tort, while the husband would have no such right against the wife".

■■ However, the reason which the Court found for declining to permit the action in the Conley case does not exist in the present case, for at common law the husband's right to recover for loss of consortium of his wife due to negligence was well recognized. See Annotation in 21 A.L.R. 1519. Therefore, in order to place husband and wife upon a parity, as the Court in the Conley case indicated was the intention of the legislature in enacting the Married Women's Act, it would seem that the right of the wife to maintain an action for loss of consortium due to negligence must be recognized. "The actual injury to the wife from the loss of consortium, which is the basis of the action, is the same as the actual injury to the husband from that cause. His right to the conjugal society of his wife is no greater than her right to the conjugal society of her husband. Marriage gives each the same rights in that regard. Each is entitled to the comfort, companionship and affection of the other. The rights of the one and the obligations of the other spring from the marriage contract, are mutual in character, and attach to the husband as husband and to the wife as wife. Any interference with these rights, whether of the husband or of the wife, is a violation, not only of natural right, but also of a legal right arising out of the marriage relation. * * * As the wrongs of the wife are the same in principle, and are caused by acts of the same nature as those of the husband, the remedy should be the same." Bennett v. Bennett, 116 N.Y. 584, 590, 23 N.E. 17, 18, 6 L.R.A. 553.

■ The idea expressed in the foregoing quotation is embodied in the Maxims of Jurisprudence found in the Revised Codes of Montana 1947, in § 49–103 in the statement "where the reason is the same, the rule should be the same".

Furthermore, the right of a wife to consortium and her right to recover damages for its loss have been recognized in Montana in the case of Wallace v. Wallace, supra. That was an alienation of affections case, but it is hard to understand how the loss is any less direct, or the damage less real when it results from the negligence of a third person rather than his deliberate act.

Finally, defendants point out that where this question has been presented in other jurisdictions, the overwhelming weight of authority is against permitting the action, and this is true. However, the trend of the authorities is in the other direction. As pointed out in Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F. 2d 811, 23 A.L.R.2d 1366, decided in 1950, only one case was found prior to that decision which permitted the action, and that case had been overruled. However, in the 11½ years since the Hitaffer decision permitting the action was rendered, the following jurisdictions have recognized the right of the wife to maintain such action, as indicated by A.L.R. Supplement Service: Missouri-Pacific Trans. Co. v. Miller, 227 Ark. 351, 299 S.W.2d 41; Brown v. Georgia-Tennessee Coaches, Inc., 88 Ga.App. 519, 77 S.E.2d 24; Gordy v. Powell, 95 Ga.App. 822, 99 S.E.2d 313; Burk v. Anderson, 232 Ind. 77, 109 N.E.2d 407; Acuff v. Schmit, 248 Iowa 272, 78 N.W.2d 480; Luther v. Maple, C.A. 8 N.D., 250 F.2d 916 (applying Nebraska law); Hayes v. Swensen, 14 Pa.Dist. & Co.R.2d 708; Alexander v. Botkins, 231 Ark. 373, 329 S.W.2d 530; Bailey v. Wilson, 100 Ga.App. 405, 111 S.E.2d 106; Lunsford v. Louisville & N. R. Co., 101 Ga.App. 374, 114 S.E.2d 310; Lampe v. Lagomarcino-Grupe Co., 251 Iowa 204, 100 N.W.2d 1; Ziegler v. U. S. Gypsum Co., 251 Iowa 714, 102 N.W.2d 152; Montgomery v. Stephan, 359 Mich. 33, 101 N.W.2d 227 (disapproving earlier contrary Michigan authority); Hoekstra v. Hegeland, S.D., 98 N.W.2d 669; Dini v. Naiditch, 20 Ill.2d 406, 170 N.E.2d 881. In addition, as pointed out in the annotation at 23 A.L.R.2d 1380, the legal text writers are almost unanimously agreed that the wife should be permitted to maintain the action.

All of the grounds advanced by the various courts for refusing to permit the action are taken up, discussed and demolished as being completely unreason-

able and illogical in the opinion in Hitaffer v. Argonne Co., supra, in the dissenting opinion of Judges Bond and Williams in Bernhardt v. Perry, 276 Mo. 612, 208 S.W. 462, 13 A.L.R. 1320, and in the dissenting opinion of Judge Carter in Deshotel v. Atchison, T. & S. F. Ry. Co., 50 Cal.2d 664, 328 P.2d 449, 452, and the Court feels that nothing is to be gained by further pointing up the torturous, twisted reasoning used by courts in denying the wife's rights to bring the action.

As pointed out in 23 A.L.R.2d at 1381, some courts (Connecticut, Massachusetts, North Carolina and Rhode Island) have avoided the inconsistency of permitting an action for loss of consortium due to negligence to the husband while denying it to the wife by denying the action to both. While this may be a proper solution to the question, it would appear to be unavailable in Montana. No Montana case has been found specifically allowing such action on behalf of the husband, but Montana is committed to the common law as the law and rule of decision, and as pointed out above, the common law recognized the husband's right to maintain such action.