39201.   WALDEN v. COLEMAN.

DECIDED JANUARY 9, 1962—REHEARING DENIED
JANUARY 26, 1962.

*N. Forrest Montet, Pickett, Pickett, Ackerman, Shipley & Montet,* for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Palmer H. Ansley,* contra.

JORDAN, Judge. The sole question for determination by this court at this time is whether or not the instant petition as against general demurrer stated a cause of action in favor of the plaintiff for the loss of consortium of her husband, where it affirmatively appeared from said petition that the husband died approximately 2 hours and 15 minutes after the tortious injury.

It is now recognized in this State that a wife has an independent cause of action for the loss of consortium of her husband due to a tortious injury inflicted upon him, although she may not in such action recover any item of damages which would be a proper item of damages in an action directly by the husband. *Brown v. Ga.-Tenn. Coaches, Inc.*, 88 Ga. App. 519 (77 SE2d 24); *Gordy v. Powell*, 95 Ga. App. 822 (99 SE2d 313); *Bailey v. Wilson*, 100 Ga. App. 405 (4) (111 SE2d 106); *Lunsford v. L. & N. R. Co.*, 101 Ga. App. 374 (114 SE2d 310), reversed on other grounds, 216 Ga. 289 (116 SE2d 232).

However, whether the action be one by the husband to recover damages for the loss of consortium of his wife or, as in the instant case, by the wife for the loss of consortium of the husband, the right of consortium exists only during the joint lives of the husband and wife (*Metropolitan St. R. Co. v. Johnson*, 91 Ga. 466, 471, 18 SE 816; *American Fidelity &c. Co. v. Farmer*, 77 Ga. App. 192, 48 SE2d 141); and where the injured spouse subsequently dies, either as a result of the injury or from other causes, the survivor can recover for the loss of consortium only to the time of the other's death. 27 Am. Jur. 109, Husband and Wife, § 510; 41 C.J.S. 899, Husband and Wife, § 401 (5). If death is instantaneous, no cause of action for loss of consortium arises (*Womack v. Central R. & Bkg. Co.*, 80 Ga. 132, 5 SE 63; 21 ALR 1523), as all rights are merged in the death action. However, if the injured spouse lives for any length of time after the infliction of injury, a cause of action for loss of consortium arises but the surviving spouse can recover for such loss only to the time of the other's death even though death occurs almost immediately after the infliction of the injury. *Womack v. Central R. & Bkg. Co.*, supra. The amount of damages, if any, to which the plaintiff might be entitled in such situation would be a question for the jury under all the facts and circumstances of the case.

Accordingly, since it is alleged in the instant petition that the plaintiff's husband lived approximately 2¼ hours after the infliction of the tortious injury, the petition stated a cause of action as against general demurrer for the plaintiff's loss of consortium for such period of time and the trial court therefore erred in sustaining the general demurrer.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*