40390. SHAPIRO PACKING COMPANY, INC. et al.
v. LANDRUM et al.

Decided April 2, 1964.

*Harris, Chance, McCracken & Harrison, Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher, Julian H. Stewart,* for plaintiffs in error.

*Kenneth Goolsby, Randall Evans, Jr., Thomas F. Allgood,* contra.

Eberhardt, Judge. ■ Defendant in error has moved to dismiss the bill of exceptions upon two grounds, viz., (a) that plaintiffs in error had not filed a brief of the evidence, and (b) that several lines in the bill of exceptions were marked out with ink without any explanation therefor. The motion is denied on both grounds.

Specified as a part of the record in this bill of exceptions is the brief of the evidence filed by Hightower, a co-defendant in the trial court, in connection with his motion for new trial and which the trial judge certified to be a true and correct brief of the evidence adduced upon a trial of the case. The judge's certificate shows on its face that all three—Shapiro Packing Company, Bryant and Hightower—were parties defendant in the case. Where several defendants are sued in the same action and after

verdict they file separate motions for new trial, it is not necessary for more than one brief of the evidence to be filed since there is but one true and correct brief of the evidence and any additional ones would be merely duplicates, serving only to encumber the record. Moreover, the motion would not be good even if there were no brief of the evidence, since the absence of a brief of evidence in connection with a motion for new trial is not a ground for dismissal of the writ of error.

It appears that the words deleted from the bill of exceptions related only to the matter of the filing of one brief of evidence, rather than two. There is no allegation of fraud. On the contrary, there is certification by counsel for plaintiffs in error, and counsel for defendant in error conceded in his oral argument before this court, that the alterations were made in the presence of opposing counsel prior to the certification by the trial judge. Under these circumstances the alterations will not work a dismissal.

■ The petition stated a cause of action against all defendants. Hence, it was proper to overrule the general demurrer. It may be observed here that although upon the trial it developed that the defendant Hightower was a servant of Jake Landrum, plaintiff's husband, under his control and direction at the time he operated the Landrum truck, those facts do not appear in the petition.

■ The first special demurrer attacks particularly that portion of the alleged statement of defendant Bryant to the effect that his employer was covered by insurance and that the insurance company would make compensation to plaintiff (plaintiff's husband?) for his injuries and damages.

The generally accepted rule is that the fact that a defendant is insured or otherwise indemnified against loss in the event of a recovery against him can not be shown as an independent fact by a plaintiff. ". . . [E]vidence that a defendant is protected by liability insurance is not admissible in the trial of an action in tort, and it is the general rule that such evidence is not only irrelevant and immaterial but harmful and prejudicial to the extent that where it is presented to the jury a timely motion for a mistrial may be granted. *O'Neill Mfg. Co. v. Pruitt*, 110

Ga. 577, 579 (36 SE 59); *Heinz v. Backus*, 34 Ga. App. 203 (128 SE 915); *Minnick v. Jackson*, 64 Ga. App. 554, 561 (13 SE2d 891); *Decatur Chevrolet Co. v. White*, 51 Ga. App. 362 (180 SE 377)." *McRee v. Atlanta Paper Co.*, 84 Ga. App. 181, 183 (65 SE2d 832), where the requiring of the plaintiff to purge his petition of the improper and prejudicial matter was upheld. The few cases in which this kind of evidence has been held admissible are distinguishable on their facts. In *Sims v. Martin*, 33 Ga. App. 486 (126 SE 872), for example, the statement as to having insurance was made by the insured, rather than an employee of the insured, as in the instant case. While it is true that "[t]he admissions by an agent or attorney in fact, during the existence and in pursuance of his agency, shall be admissible against the principal," *Code* § 38-406, the present admission goes beyond a mere admission of fault and includes the statement that the principal has insurance. Even if this should not amount to hearsay evidence, it is inadmissible for the reason that the defendant driver had no authority to implicate and prejudice his employer by these harmful statements. The statement in the *Sims* case was held to be admissible for the additional reason that it was a part of the res gestae. "Whether statements claimed to be a part of the res gestae are really such is a question of law to be determined by the court." *Southern R. Co. v. Brown*, 126 Ga. 1 (5) (54 SE 911). "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of res gestae." *Code* § 38-305. The petition alleged only that the statement was made "immediately after the collision and within three minutes thereof." "The proximity of time in which declarations are made to the main transaction is not the only test of their admissibility in evidence, but they must be also free from all suspicion of device or afterthought." *Augusta &c. R. Co. v. Randall*, 79 Ga. 304, 311, 312 (4 SE 674). The facts alleged in the petition would not have shown the statement to be a part of the res gestae as a matter of law had they been evidence rather than merely allegations, hence, construing the petition against the pleader, it does not show the statement to be a part of the res gestae. Even the *Sims* case, supra, concedes that the general rule, that any suggestion made in the presence of the

jury at the instance of the plaintiff indicating that the defendant has liability insurance will require a mistrial, "is properly applied in cases in which such evidence has no probative value as respects any legitimate issue in the case, and possibly where its probative value is so small when compared to its prejudicial effect that fairness and justice demand its exclusion." *Sims v. Martin*, 33 Ga. App. 486, 487 (2), supra.

Both this court and the Supreme Court have held it proper for the trial court to require that pleadings be recast for the purpose of removing harmful or prejudicial references to insurance and other matters, these having no proper place in the pleadings and evidence with reference thereto being inadmissible. *Rodgers v. Styles*, 100 Ga. App. 124 (3) (110 SE2d 582); *Ray Clanton's &c. Motors v. Conaway*, 100 Ga. App. 650 (112 SE2d 218); *Shook v. Southern R. Co.*, 101 Ga. App. 128, 130, 132 (113 SE2d 155); *C. T. C. Finance Corp. v. Longmire*, 106 Ga. App. 326 (126 SE2d 714); *Shaw v. Miller*, 215 Ga. 413, 414 (110 SE2d 759). And see *Cox v. DeJarnette*, 104 Ga. App. 664, 673 (123 SE2d 16).

Moreover, even if the evidence were admissible the allegation attacked by the demurrer ought to go out of the pleading. "Good pleading requires only that the plaintiff plainly and concisely state the material ultimate facts upon which [the plaintiff] depends for a recovery. As a general rule, the evidentiary facts upon which the plaintiff relies to prove the ultimate facts need not and should not be set forth in the pleadings." *Lefkoff v. Sicro*, 189 Ga. 554 (10) (6 SE2d 687, 133 ALR 738).

It follows that the judgment of the court in overruling the special demurrer to the paragraph of the petition containing the alleged statement of the driver as to insurance was reversible error.

■ The other special demurrer is directed to allegations in the petition that plaintiff's husband had suffered: (a) injured vertebrae, preventing his working actively; (b) intense and continued physical pain; (c) confinement to bed for several months and permanent 75% loss of his ability to pursue his avocation (sic) as a farmer; (d) permanent 75 to 80% diminution of earning capacity amounting to a minimum of $2,000 per year; (e) mental distress because of inability to help care for his two children who have muscular dystrophy and require constant care and

attention; (f) mental distress and anxiety by his loss of from $11,000 to $12,000 resulting from his inability to look after his crops and pigs; (g) mental agony and distress caused by his inability to support, care for, play and romp with his two help-less, paralytic children; (h) inability to support his family, neces-sitating his wife's working away from home; (i, j) as a result of all of which plaintiff has lost at least 90% of his society, com-panionship and consortium due to his change in personality from that of being cheerful to that of being gloomy and despairing.

By amendment plaintiff alleged in this connection that she "does not seek a recovery for her husband's financial losses or his physical injuries, nor for his pain and suffering, but she does seek a recovery for her loss of her husband's society, companionship and consortium."

"It is now recognized in this State that a wife has an independ-ent cause of action for the loss of consortium of her husband due to a tortious injury inflicted upon him, although she may not in such action recover any item of damages which would be a proper item of damages in an action directly by the husband." *Walden v. Coleman*, 105 Ga. App. 242, 243 (124 SE2d 313), and cases cited. "A suit brought by a wife for injuries to her husband, his earnings, earning capacity, and plea for recovery for pain and suffering cannot be maintained. Such suit is in the province of the husband only." *Bailey v. Wilson*, 100 Ga. App. 405 (3) (111 SE2d 106).

The allegations to which the demurrer is directed here would be subject to the attack made if the wife were seeking any recovery of damages for those items. But she does not, for by the amendment she specifically disclaims damages for them and asserts that she seeks to recover only for her loss of the hus-band's consortium. She pleads the details as to his injuries and their effect upon him for the limited purpose only of showing how the consortium has been lost or adversely affected. The pertinent history of an occurrence upon which the suit is ground-ed may be pleaded. *Roswell Apts. v. D. L. Stokes & Co.*, 105 Ga. App. 163, 166 (123 SE2d 682). It was entirely proper for the court to admonish the jury of this limited purpose, both of the pleading of these matters and of evidence in support thereof and it appears that he did so fully and clearly in the charge.

■ For the reason stated in headnote 5 and dealt with in more particularity in the sixth division of *Hightower v. Landrum,* ante, the general grounds of the motion are without merit.

However, for the reasons stated in Division 3 of this opinion the judgment here must be reversed.

*Judgment reversed. Felton, C. J., Nichols, P. J., Bell, P. J., Frankum, Jordan, Hall, Russell and Pannell, JJ., concur.*