Pauline NENOFF, Plaintiff-Appellant,

v.

George M. THOMPSON, Defendant-Appellee.

No. 73-1209.

United States Court of Appeals, Sixth Circuit.

Argued June 6, 1973.

Decided July 13, 1973.

**1222**

Kelsey D. Bartlett, Toledo, Ohio, on brief for plaintiff-appellant.

James R. Jeffery, Toledo, Ohio, of counsel. Spengler, Nathanson, Heyman, McCarthy & Durfee, Toledo, Ohio, on brief for defendant-appellee.

Before EDWARDS and MILLER, Circuit Judges, and MOYNAHAN,* District Judge.

PER CURIAM.

This is an action brought by appellant, the widow of a man who was killed while a passenger in defendant's car when it went out of control at an exit ramp of an expressway in Toledo, Ohio. The administratrix of the estate of the deceased had previously brought a wrongful death action in an Ohio state court in which a jury had found no cause for action. Subsequently appellant filed this action for loss of consortium in the federal court before a District Judge in the United States District Court for the Northern District of Ohio, Western Division, asserting jurisdiction on grounds of diversity of citizenship.

The District Judge determined that under Ohio law her damages were limited to the two hours in between the happening of the accident and her husband's death. He thereupon dismissed the cause of action for lack of the jurisdictional amount of over $10,000.

DeWitt v. Machine Co., 25 Ohio St.2d 40, 266 N.E.2d 563 (1971), says (citing Shaweker v. Spinell, 125 Ohio St. 423, 181 N.E. 896 (1932)):

> A spouse may recover only for loss of consortium between the time of injury and death. . . . DeWitt v. Machine Co., *supra*, 25 Ohio St.2d at 41, 266 N.E.2d at 564.

Our examination of this record shows to a legal certainty that the claims are for less than the jurisdictional amount. Gill v. Allstate Insurance Co., 458 F.2d 577 (6th Cir. 1972).

The judgment of the District Court is affirmed.

---

* Honorable Bernard T. Moynahan, Jr., Chief Judge, U. S. District Court for the Eastern District of Kentucky, sitting by designation.